CASTRATARO, Appellant,

v.

URBAN, Appellee.

[Cite as *Castrataro v. Urban*, 155 Ohio App.3d 597, 2003-Ohio-6953.]

Court of Appeals of Ohio,
Fifth District, Delaware County.

No. 03–CA–E–06–030.

Decided Dec. 19, 2003.

598

Linda Castrataro, pro se.

Craig R. Carlson, Monique B. Lampke and Ryan P. Sherman, for appellee.

EDWARDS, Judge.

{¶ 1} Plaintiff-appellant Linda Castrataro appeals from the May 9, 2003 judgment entry of the Delaware County Court of Common Pleas granting defendant-appellee Kenneth Urban's motion for summary judgment and declaring plaintiff-appellant a vexatious litigator.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} On April 10, 1997, appellant filed a complaint against appellee, a physician, in the Franklin County Court of Common Pleas (case No. 97CVA04–4393). Appellant, in her complaint, alleged that appellee, on or about June 9, 1995, had failed to properly diagnose and treat her for Epstein–Barr virus. After the trial court granted summary judgment to appellee, appellant appealed. Pursuant to an opinion filed on March 7, 2000, in case No. 99AP–219, 2000 WL 254315, the Tenth District Court of Appeals reversed the judgment of the trial court in part and remanded the matter for further proceedings. The Tenth District Court of Appeals, in its opinion, noted that "[d]ue to her lack of an expert medical witness, plaintiff cannot prevail in the current posture of this case," but reversed the judgment of the trial court, since appellee's motion for summary judgment was not accompanied by an affidavit or any other Civ.R. 56(C) materials. Upon remand, appellant then dismissed her complaint without prejudice in March 2000.

{¶ 3} Subsequently, on March 13, 2001, appellant filed a complaint against appellee in the Franklin County Court of Common Pleas (case No. 01CVA03–2391). Appellant, in her complaint, specifically alleged that she sought medical care from appellee in May 1995 and that appellee was negligent in failing to properly diagnosis and treat her for Epstein–Barr virus "on or about June 9, 1995," and in failing to disclose test results to appellant. According to appellant, such test results "showed positive for Epstein–Barr virus." Appellant further alleged in her complaint that appellee did not meet the standard of care due her. In short, appellant alleged a cause of action for medical malpractice against appellee.

{¶ 4} Thereafter, appellant, on May 11, 2001, while the above case was still pending in the Franklin County Court of Common Pleas, filed a complaint against appellee in the Delaware County Court of Common Pleas (case No. 01–CVA–05–243). Appellant, in such complaint, alleged as follows:

{¶ 5} "Plaintiff was a patient of Doctor Urban in Franklin County from May thru September, 1995. Defendant orally areed [sic] to treat plaintiff for medical problems in which he was qualified to prescribe medication and treatment.

{¶ 6} "IV. Defendant was given reimbursement for his services and subsequently failed to fulfill his legal contractual obligations as to not disclosing information to plaintiff, misleading plaintiff, and giving plaintiff false information.

{¶ 7} "V. Defendant did not in good faith fulfill his obligations to plaintiff as a patient or client. Defendant, in fact, refused to treat plaintiff after plaintiff had become ill, approximately four months after initially visiting his business facility.

{¶ 8} "VI. Plaintiff requests this court relief for breach of contract, fraudulent information, and failure to fulfill his duty to plaintiff as a physician."

{¶ 9} Thereafter, appellee, on September 6, 2001, filed a motion for summary judgment or, in the alternative, to transfer in the Delaware County Court of Common Pleas. In his motion, appellee argued that appellant's complaint in the Delaware County Court should be dismissed since, (1) although framed as a breach of contract action, appellant's case in the Delaware County Court of Common Pleas constituted a medical malpractice action under Ohio law, (2) both the Franklin County and Delaware County actions arose out of appellee's treatment of appellant during the same period of time, and (3) appellant could not split her cause of action for medical malpractice into two separate actions in two separate courts. In the alternative, appellee argued that since the Franklin County Court of Common Pleas had jurisdictional priority, the trial court should transfer the Delaware action to Franklin County. Appellant did not file a response to appellee's motion.

{¶ 10} While appellee's motion for summary judgment or, in the alternative, to transfer was pending in the Delaware County Court of Common Pleas, appellant, in September 2001, filed a complaint against Capital Primary Care in the United States District Court for the Southern District of Ohio, Eastern Division (case No. 2–01–911). In her federal complaint, appellant alleged that appellee, an employee of Capital Primary Care, failed to provide appropriate medical treatment to her on May 12, 1995. Since the complaint did not plead any federal cause of action, the magistrate, in his September 19, 2001, initial screening report and recommendation, recommended that appellant's federal action be dismissed for lack of jurisdiction.

{¶ 11} Subsequently, as memorialized in an entry filed on October 8, 2001, the Delaware County Court of Common Pleas, in case No. 01–CVA–05–243, granted appellee's motion for summary judgment and ordered that appellant's complaint be dismissed without prejudice. Two weeks later, on October 22, 2001, appellee filed a motion for attorney fees under R.C. 2323.51 for frivolous conduct, seeking attorney fees incurred as a result of defending the Delaware County action. Thereafter, an evidentiary hearing was held before the trial court on November 9, 2001. Appellant failed to appear at the same. As memorialized in a judgment entry filed on November 13, 2001, in the Delaware County Court of Common Pleas case No. 01–CVA–05–0243, the trial court granted appellee's motion for attorney fees under R.C. 2323.51 for frivolous conduct and held that appellee was entitled to recover from appellant attorney fees in the amount of $6,535.50.

{¶ 12} Appellant then filed a notice of appeal. Pursuant to an opinion filed on June 27, 2002, in our case No. 01CAE12064, 2002-Ohio-3472, 2002 WL 1467707, this court affirmed the judgment of the Delaware County Court of Common Pleas in case No. 01–CVA–05–243.

{¶ 13} Thereafter, on November 18, 2002, appellant filed a complaint for money against appellee in the Delaware County Court of Common Pleas (case No. 02CV–A–11–677). Appellant, in her complaint, alleged, in part, as follows:

{¶ 14} "Plaintiff was a patient of Doctor Urban in Franklin County about May thru September, 1995.

{¶ 15} "Defendant orally agreed with plaintiff to treat plaintiff for medical problems in which he was qualified to prescribe medication and treatment. Defendant was given reimbursement for his services and subsequently failed to fulfill his legal obligations as to disclosing medical information, misleading his patient, and giving his patient false information.

{¶ 16} "Defendant did not in good faith fulfill his obligations to plaintiff as a patient or client.

{¶ 17} "Defendant, in fact, refused to treat plaintiff after she had become ill, approximately four months after initially visiting his business facility.

{¶ 18} "Plaintiff is suing defendant for breach of contract, fraudulent information, and not fulfilling his duty or promise to plaintiff as a physician. Plaintiff requests damages and losses due to this breach of contract."

{¶ 19} Appellee filed an answer and counterclaim on December 12, 2002. In his counterclaim, appellee alleged that appellant was a vexatious litigator pursuant to R.C. 2323.52. Appellant, in her reply to appellee's counterclaim, asked the trial court "to reconsider its decision to award attorney's fees under ORC Section 2323.51, frivolous conduct under Ohio Civil Rule 60, Relief from Judgment or Order."

{¶ 20} Subsequently, on December 26, 2002, appellant filed a motion requesting a case management conference. Appellant, in her motion, stated in part, as follows: "This case must be heard on issues presented by plaintiff and defendant at this time and due to plaintiff's assertion that under Civil Rule 60, this court provide relief from Judge Shaw's order for attorney fees in the previously filed case."

{¶ 21} On January 27, 2003, appellee filed a motion for summary judgment in Delaware Common Pleas case No. 02CV–A–11–677 "on the grounds that Plaintiff Linda Castrataro has violated Ohio law by splitting her single cause of action into two separate actions, which she filed in two separate courts." Appellee also alleged, in his motion, that appellant "has habitually, persistently, and without reasonable grounds engaged in vexatious conduct, including re-filing the instant case despite this court's prior dismissal of her claims." Appellant, in response, filed a "Memorandum Contra Motion for Summary Judgment; Oral Hearing Requested; Motion Contra Counterclaim of Vexatious Litigator/Motion for Oral Hearing on Civil Rule 60 Motion." Appellant, in the same, requested oral hearings "on this motion and the Civil Rule 60 motion for relief from judgment/order of the previous filed case in this court which was stated in plaintiff's counterclaim and motion for case management conference."

{¶ 22} Pursuant to a judgment entry filed on May 9, 2003, the trial court granted appellee's motion for summary judgment, stating, in part, as follows:

{¶ 23} "An examination of the pleadings both here and in Franklin County quite clearly reveals that Plaintiff has pursued and is presently pursuing a malpractice action against Dr. Urban arising out of the same operative and material facts, though her Franklin County actions sound in tort while the actions before this Court sound in contract. It is equally clear the Franklin County Court of Common Pleas obtained jurisdiction to adjudicate Plaintiff's malpractice claim prior in time to this Court obtaining jurisdiction. Therefore, this Court is, once again, without jurisdiction to consider Plaintiff's claim leaving it with no choice but to sustain Defendant's Motion for Summary Judgment."

{¶ 24} The trial court, in its entry, further held that while appellant attempted, in her memorandum contra appellee's motion for summary judgment, to frame her cause of action as one of fraud, appellant had failed to plead the elements of fraud at all, let alone "with any semblance of particularity." Finally, the trial court, in its entry, also declared appellant a vexatious litigator.

{¶ 25} It is from the trial court's May 9, 2003 judgment entry that appellant now appeals, raising the following assignments of error:

{¶ 26} "I. The trial court erred in dismissing the case after granting summary judgment since it stated plaintiff cannot split her cause of action in Delaware

County and Franklin County sharing concurrent jurisdiction and therefore the court must transfer or remand the case to Franklin County on that basis.

{¶ 27} "II. The trial court abuses its discretion by constantly making plagiarized statements throughout its discretion [sic] identical to defendant's motion for summary judgment and citations which are exactly identical to defendant's motion for summary judgment. These arguments show no train of thought separate from defendant's repetitious arguments.

{¶ 28} "III. The trial court erred in denying plaintiff's fraud provision as stated in complaint and in the motion contra summary judgment. Plaintiff did state with particularity the elements of fraud in accordance with Ohio Civil Rule 9(B) and should be considered fully as an argument as separate from medical malpractice as stated in the decision page 6.

{¶ 29} "IV. The trial court erred in not scheduling a hearing on plaintiff's Ohio Civil Rule 60(B) motion, which was stated in the reply to defendant's counterclaim and in the memorandum contra summary judgment.

{¶ 30} "V. The trial court erred in determining that the plaintiff engaged in vexatious conduct as outlined in Ohio Revised Code Section 2323.52. This motion to sustain defendant's counterclaim of vexatious conduct is contrary to O.R.C. 2323.52. This designation borders on libel and slander.

{¶ 31} "VI. The trial court erred in granting defendant's motion for summary judgment. Summary judgment motions are not granted if there are any genuine issues of material facts. These facts were not examined nor addressed in the motion for summary judgment nor the court's decision. This is contrary to summary judgment procedure and laws in Ohio."

### Summary Judgment Standard

{¶ 32} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 30 OBR 78, 506 N.E.2d 212. As such, we must refer to Civ.R. 56(C), which provides:

{¶ 33} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary

judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶ 34} Pursuant to the above rule, a trial court may not enter summary judgment if it appears that a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence that demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.

{¶ 35} It is based upon this standard that we review appellant's assignments of error.

## I, III

{¶ 36} Appellant, in her first and third assignments of error, argues that the trial court erred in granting appellee's motion for summary judgment. Appellant specifically contends that the trial court erred in finding that appellant split her cause of action for medical malpractice into two claims in two different courts—the Franklin County Court of Common Pleas and the Delaware County Court of Common Pleas. Appellant further maintains that the trial court erred in granting summary judgment to appellee on appellant's fraud claim. We disagree.

{¶ 37} As is stated above, appellant, in Franklin County Court of Common Pleas case No. 01CVA03–2391, alleged that appellee had committed medical malpractice by failing to properly diagnosis and treat her for Epstein–Barr virus "on or about June 9, 1995," and in failing to disclose test results to appellant. Appellee, in her "complaint for money" in the case sub judice, alleged that appellee breached his contract with appellee by failing to disclose medical information to her, giving her false and misleading information, and "not fulfilling his duty or promise" to appellee.

{¶ 38} However, under Ohio law, a patient cannot bring an action against a physician for breach of contract on grounds that the physician negligently performed the contract to provide medical services. Whether the alleged professional misconduct is based on tort or contract, the claim is still for malpractice. See *Klema v. St. Elizabeth's Hosp.* (1960), 170 Ohio St. 519, 11 O.O.2d 326, 166

N.E.2d 765; and *Robb v. Community Mut. Ins. Co.* (1989), 63 Ohio App.3d 803, 805, 580 N.E.2d 451. Thus, although couched as a "complaint for money," appellee's complaint in the case sub judice was, in reality, a medical malpractice complaint against appellee. Appellant, therefore, had filed a medical malpractice action based on the same facts in both the Franklin County Court of Common Pleas and the Delaware County Court of Common Pleas.

{¶ 39} Since, therefore, both the Franklin County case and the case sub judice arise from the same set of facts and are both medical malpractice actions, we find that the trial court did not err in granting appellee's motion for summary judgment.

{¶ 40} As is stated above, appellant also argues that the trial court erred in granting summary judgment to appellee on appellant's fraud claim. Civ.R. 9(B) provides that when a complainant alleges a claim for fraud or mistake, "the circumstances constituting fraud or mistake shall be stated with particularity." As stated in *Aluminum Line Products Co. v. Brad Smith Roofing Co., Inc.* (1996), 109 Ohio App.3d 246, 259, 671 N.E.2d 1343:

{¶ 41} "The 'circumstances constituting fraud' include the time, place and content of the false representation; the fact represented; the identification of the individual giving the false representation; and the nature of what was obtained or given as a consequence of the fraud."

{¶ 42} We find that the trial court did not err in granting appellee's motion for summary judgment with respect to appellee's fraud claim, since appellee, in her complaint, did not plead fraud with any particularity. Appellant, in her complaint in this matter, merely alleged that appellant gave her fraudulent or false information. Appellant never indicated in her complaint the content of the allegedly false representation(s) and the nature of what was obtained or given as a consequence of the fraud.

{¶ 43} Appellant's first and third assignments of error are, therefore, over-ruled.

## II

{¶ 44} Appellant, in her second assignment of error, contends that the trial court abused its discretion "by constantly making plagiarized statements throughout its discretion [sic] identical to defendant's motion for summary judgment and citations which are exactly identical to defendant's motion for summary judgment." In short, appellant maintains that the trial court showed bias or prejudice against her by citing the same cases in its decision as appellee cited in its motion for summary judgment.

{¶ 45} However, the fact that the trial court may have cited the same cases in its decision as appellee cited in his motion does not indicate bias or prejudice but merely indicates that the trial court found such cases to be relevant. Moreover, appellant, in her brief, has failed to cite any case law supporting her argument that the trial court erred in citing such cases.

{¶ 46} Appellant's second assignment of error is, therefore, overruled.

## IV

{¶ 47} Appellant, in her fourth assignment of error, argues that the trial court erred in failing to schedule a hearing on appellant's Civ.R. 60(B) motion for relief from judgment or order.

{¶ 48} We find, however, that the trial court did not err in failing to hold a hearing, since, as noted by the trial court in its decision, there is no evidence on the record that appellant ever filed a motion pursuant to Civ.R. 60. Furthermore, while appellant, in her counterclaim and in her February 21, 2003 "Memorandum Contra Motion for Summary Judgment; Oral Hearing Requested; Motion Contra Counterclaim of Vexatious Litigator/Motion for Oral Hearing on Civil Rule 60 Motion" asks the trial court for relief from its entry ordering appellant to pay attorney fees to appellee for frivolous conduct, we note that the entry ordering appellant to pay the same was filed in Delaware case No. 01–CVA–05–243, not in the case sub judice. Appellant should, therefore, have filed any 60(B) motion in such case and not in the case sub judice.

{¶ 49} Appellant's fourth assignment of error is, therefore, overruled.

## V

{¶ 50} Appellant, in her fifth assignment of error, challenges the trial court's decision holding that appellant is a vexatious litigator pursuant to R.C. 2323.52.

{¶ 51} As an initial matter, we note that appellant, in her brief, argues that R.C. 2323.52 was not complied with, since appellee did not file a civil action to have appellant declared a vexatious litigator. Appellant specifically cites R.C. 2323.52(C), which states as follows: "A civil action to have a person declared a vexatious litigator shall proceed as any other civil action, and the Ohio Rules of Civil Procedure apply to the action." Appellant argues that since appellee did not file a civil action but rather filed a counterclaim against appellant requesting that the trial court deem appellant a vexatious litigator, such rule was not complied with. However, a party may file a counterclaim seeking to have a person declared a vexatious litigator. See, for example, *Borger v. McErlane* (Dec. 14, 2001), Hamilton App. No. C–010262, 2001 WL 1591338.

{¶ 52} R.C. 2323.52(A)(3) states, in part, as follows: " 'Vexatious litigator' means any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions." "Vexatious conduct" is defined in R.C. 2323.52(A)(2) as meaning "conduct of a party in a civil action that satisfies any of the following:

{¶ 53} "(a) The conduct obviously serves merely to harass or maliciously injure another party to the civil action.

{¶ 54} "(b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

{¶ 55} "(c) The conduct is imposed solely for delay."

{¶ 56} We find that the trial court did not err in finding that appellant habitually and persistently engaged in vexatious conduct. As is set forth in detail in the statement of facts, appellant has brought numerous lawsuits against appellee in different courts all based on his alleged malpractice in treating appellant in 1995. Appellant initially filed a complaint against appellee in the Franklin County Court of Common Pleas (case No. 97CVA04–4393). After the Tenth District Court of Appeals reversed the judgment and remanded the matter to the trial court, appellant voluntarily dismissed her complaint in that case. We note that the Tenth District Court of Appeals, in its opinion, noted that "[d]ue to her lack of an expert medical witness, plaintiff cannot prevail in the current posture of this case."

{¶ 57} Appellant then refiled her complaint against appellee in Franklin County Common Pleas case No. 010VA03–2391. While that case was pending, appellant filed a complaint for breach of contract against appellee in the Delaware County Court of Common Pleas (case No. 01CV–A–05–243). The trial court, in the Delaware case, granted appellee's motion for summary judgment, which was unopposed by appellant, and granted appellee's motion for attorney fees for frivolous conduct. However, despite this court's June 27, 2002 opinion in case No. 01CAE12064, 2002 WL 1467707, which affirmed the trial court's holding that appellant had engaged in frivolous conduct in such case, appellant, on November 18, 2002, filed another complaint against appellee. Although captioned a "complaint for money," as is stated above, that complaint was, in reality, a complaint alleging that appellee had committed medical malpractice.

{¶ 58} Based on the foregoing, we concur with the trial court that "in the end, plaintiff offered no credible argument and cited no case law suggesting she may split her present or previous malpractice claim into separate actions and pursue those separate actions in courts sharing concurrent jurisdiction. Plaintiff's conduct in pursuing her claims before this court was not warranted under existing law and certainly not supported by a good faith argument for either a modification or a reversal of existing law. Moreover, plaintiff's pursuit of her claim before this court while simultaneously pursuing the same claim before the court that first acquired jurisdiction to consider the claim served to harass the defendant and cause him considerable expense. Thus, plaintiff has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in civil actions before this court against the defendant."

{¶ 59} Appellant's fifth assignment of error is, therefore, overruled.

## VI

{¶ 60} Appellant, in her sixth assignment of error, argues that the trial court erred in granting summary judgment to appellee, since appellee failed to establish that there were no genuine issues of material fact in dispute. Appellant specifically asserts that the trial court "never once examined any evidence as outlined in Civil Rule 56 including depositions, affidavits, pleadings, etc."

{¶ 61} Civ.R. 56(C) states, in part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Appellee, in support of his motion for summary judgment, attached certified copies of the pleadings and decisions filed in the other actions that appellant filed against appellee. The trial court, in its entry granting appellee's motion, referred to the same in ruling on appellee's motion. Thus, contrary to appellant's argument, there was Civ.R. 56 evidence presented to the trial court showing that there were no genuine issues of material facts in dispute and such evidence was considered by the trial court.

{¶ 62} Appellant's sixth assignment of error is, therefore, overruled.

{¶ 63} Accordingly, the judgment of the Delaware County Court of Common Pleas is affirmed.

Judgment affirmed.

GWIN, P.J., and WISE, J., concur.