[Cite as *Harris v. Smith*, 2012-Ohio-3547.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| DWAYNE HARRIS | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| KEITH SMITH | : | Case No. 2011CA0108 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 2010CV0165


JUDGMENT:                         Affirmed and Remanded


DATE OF JUDGMENT:                 August 2, 2012


APPEARANCES:

For Plaintiff-Appellant                    For Defendant-Appellee

DWAYNE HARRIS, PRO SE                      LAWRENCE H. BABICH
#211-083                                   150 East Gay Street
Richland Correctional Institution          16th Floor
P.O. Box 8107                              Columbus, OH  43215
Mansfield, OH  44901

*Farmer, J.*

{¶1}   On February 3, 2010, appellant, Dwayne Harris, an inmate at the Mansfield Correctional Institution, filed a complaint against six employees of the correctional institution, including the warden, Keith Smith, alleging conspiracy to retaliate against him for exercising his constitutional rights to file grievances and lawsuits and violations of his due process rights.

{¶2}   On October 28, 2010, appellees filed an answer and appellee Smith filed a counterclaim to declare appellant a vexatious litigator pursuant to R.C. 2323.52. Appellee Smith filed a motion for summary judgment on his counterclaim on December 8, 2010.  By judgment entry filed October 28, 2011, the trial court granted the motion and declared appellant to be a vexatious litigator.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  As appellant failed to list any assignment of error pursuant to App.R. 16(A)(3), we glean the following assignment from appellant's arguments:

I

{¶4}   "THE TRIAL COURT ERRED IN DETERMINING THAT APPELLANT WAS A VEXATIOUS LITIGATOR AND GRANTING THE MOTION FOR SUMMARY JUDGMENT."

I

{¶5}   Appellant claims the trial court erred in granting the motion for summary judgment.  We disagree.

{¶6} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

{¶7} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

{¶8} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35.

{¶9} R.C. 2323.52(A)(3) defines "vexatious litigator" as follows:

{¶10} " 'Vexatious litigator' means any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions.***"

{¶11}  "Vexatious conduct" is defined in subsection (A)(2) as follows:

{¶12}  "(a) The conduct obviously serves merely to harass or maliciously injure another party to the civil action.

{¶13}  "(b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

{¶14}  "(c) The conduct is imposed solely for delay."

{¶15}  " 'The purpose of the vexatious litigator statute is clear.  It seeks to prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds and/or otherwise engage in frivolous conduct in the trial courts of this state.  Such conduct clogs the court dockets, results in increased costs, and oftentimes is a waste of judicial resources—resources that are supported by the taxpayers of this state.  The unreasonable burden placed upon courts by such baseless litigation prevents the speedy consideration of proper litigation.' "  *Mayer v. Bristow,* 91 Ohio St.3d 3, 13, 2000-Ohio-109, quoting *Central Ohio Transit Authority v. Timson* (1998), 132 Ohio App.3d 41, 50.

{¶16}  In its judgment entry filed October 27, 2011, the trial court found the following:

{¶17}  "Plaintiff Harris does not dispute he has filed 31 lawsuits.  He has not prevailed in any of those cases.  His lawsuits have been filed against state agencies, public officials and employees – almost exclusively against the Ohio Dept. of Corrections and/or its employees.  Public funds must be expended to litigate their defense(s).  Mr. Harris begins the process by filing numerous grievances then proceeds

through the administrative process until he files his lawsuits for toilet access, law library books, exercising outside of his cell, etc.  The conclusion of the Franklin County *Watley* [*Rogers AG v. Watley,* Case No. 07-CVH10-14469] case is directly applicable here:

{¶18}  " 'The undisputed evidence in the record establishes that every perceived slight results in a lawsuit and that this endless litigation is defendant's form of entertainment.  His habitual and persistent filings have had the effect of harassing ODRC and its employees and constitute vexatious conduct under R.C. 2323.52(A)(2)(a).' "

{¶19}  In his motion for summary judgment filed December 8, 2010, appellee Smith points out that since 1991, appellant has filed at least fifty civil lawsuits against various state agencies and its employees necessitating defense by the Ohio Attorney General's Office.  In support, appellee Smith attached as Exhibit A the affidavit of J. Gregory Glasgow, a paralegal in the Corrections Litigation Unit of the Ohio Attorney General's Office, who performed an exhaustive search of the lawsuits filed by appellant. Attached to the affidavit is a lengthy list of all the lawsuits filed by appellant and their outcomes, many of which were dismissed for failure to state a claim.  Also attached as Exhibit B is appellee Smith's affidavit wherein he states appellant has sued him three times and all three cases were found to be without merit and dismissed.

{¶20}  In reviewing the numerous cases attached to the motion for summary judgment, we agree appellant's filings constitute persistent and habitual conduct done without reasonable grounds.  We concur with the trial court's decision in finding appellant to be a vexatious litigator.

{¶21} In reviewing the case file, we find while the trial court ruled on the counterclaim, the trial court did not enter a disposition on appellant's complaint which was filed prior to the vexatious litigator finding. We remand the matter to the trial court for further proceedings on appellant's complaint.

{¶22} The sole assignment of error is denied.

{¶23} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Gwin, J. concur.


s / Sheila G. Farmer_____


s / Patricia A. Delaney_____


s / W. Scott Gwin_____

JUDGES


SGF/sg 718

[Cite as *Harris v. Smith*, 2012-Ohio-3547.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| DWAYNE HARRIS | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| KEITH SMITH | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2011CA0108 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed, and the matter is remanded to the trial court for further proceedings on appellant's complaint. Costs to appellant.



s / Sheila G. Farmer_____



s / Patricia A. Delaney_____



s / W. Scott Gwin_____

JUDGES