[Cite as *Battle v. Favreau*, 2014-Ohio-2170.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

BILLY J. BATTLE

      Plaintiff-Appellee

-vs-

DAN W. FAVREAU, ET AL.

      Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.

Case No. 13AP0004

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Morgan County Court of Common Pleas, Case No. 13 CV 0042 |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | May 19, 2014 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| BILLY BATTLE, PRO SE<br>S.C.C Inmate #A617-868<br>5900 B.I.S. Road<br>Lancaster, Ohio 43130 | LINDA L. WOEBER<br>BRIAN M. SPIESS<br>Montgomery, Rennie & Jonson<br>36 East Seventh Street, Suite 2100<br>Cincinnati, Ohio 45202 |

*Hoffman, P.J.*

{¶1} Defendant-appellant Dan W. Favreau appeals: 1) the September 4, 2013 Decision entered by the Morgan County Court of Common Pleas granting in part Appellant's Motion to Dismiss the complaint against him filed by plaintiff-appellee Billy J. Battle; and 2) the October 24, 2013 Decision by that same court denying reconsideration.

## STATEMENT OF THE CASE[1]

{¶2} Appellee filed a complaint against Appellant on April 16, 2012, asserting six claims for relief which the trial characterized as the following four causes of action: 1) slander and defamation; 2) negligence to prevent a conspiracy; 3) intentional infliction of emotional distress; 4) deprivation of his Civil Rights in failing to prevent a conspiracy. Appellant filed a motion to dismiss all claims against him on April 15, 2013, on the basis of absolute judicial immunity and failure to state a valid claim.

{¶3} Via Decision filed September 4, 2013, the trial court granted Appellant's motion to dismiss, except for Appellee's defamation claim and intentional infliction of emotional distress claim. Appellant filed a motion for reconsideration on September 18, 2013, reasserting as it basis absolute judicial immunity. The trial court denied Appellant's motion to reconsider via Decision filed October 24, 2013.

{¶4} On November 22, 2013, Appellant filed his Notice of Interlocutory Appeal of the portion of the trial court's September 4, 2013 Decision denying, in part, his motion

---

[1] A rendition of the facts alleged in Appellee's complaint is unnecessary of our resolution of this appeal.

to dismiss and the trial court's October 24, 2013 Decision denying his motion to reconsider.

**{¶5}**   Appellant' assigns as error;

**{¶6}**   "I. THE TRIAL COURT ERRED IN PARTIALLY DENYING THE HONORABLE JUDGE DAN FAVREAU'S MOTION TO DISMISS BILLY BATTLE'S CLAIMS BY DENYING THAT ABSOLUTE JUDICIAL IMMUNITY PROTECTED JUDGE FAVREAU FROM LIABILITY AS TO HIS ALLEGED STATEMENTS MADE ON APRIL 16, 2012.

**{¶7}**   "II. THE TRIAL COURT FURTHER ERRED WHEN IT FAILED TO RECONSIDER ITS DECISION AND HELD AGAIN THAT ABSOLUTE JUDICIAL IMMUNITY DID NOT APPLY TO THE JUDGE'S ALLEGED STATEMENT."

**{¶8}**   Initially, Appellant raises the issue of this Court's jurisdiction to review an interlocutory appeal concerning the denial of absolute judicial immunity.  Appellant analogizes to Ohio's sovereign immunity law as a reason to find the trial court's decisions are immediately reviewable "Because immunity is immunity…" (Appellant's Brief at p.3).  We find Appellant's argument unpersuasive.

**{¶9}**   Unlike the legislature's specific declaration the denial of Ohio's statutorily created sovereign immunity is a final appealable order pursuant to R.C. 2744.02(C), the legislature has not done so with regard to the absolute judicial immunity established through common law.  Because we find the trial court's entry does not finally determine

all claims asserted, nor prevent a judgment in Appellant's favor, we find this Court does not have jurisdiction over this appeal pursuant to R.C. 2505.02.[2]

**{¶10}** Appellant's appeal is dismissed.


By: Hoffman, P.J.

Farmer, J.  and

Wise, J. concur

---

[2] We note, had we accepted Appellant's assertion this Court has jurisdiction over this "interlocutory appeal," we would still dismiss Appellant's appeal for lack of jurisdiction because it was untimely filed.  A motion for reconsideration does not toll the time to file an appeal from an otherwise final appealable order.