[Cite as *Howdyshell v. Battle*, 2019-Ohio-5232.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| MARK HOWDYSHELL | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 19AP0001 |
| | : | |
| BILLY BATTLE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Morgan County Court
of Common Pleas, Case No. 18CV0074


JUDGMENT:      AFFIRMED


DATE OF JUDGMENT ENTRY:      December 12, 2019


APPEARANCES:

For Plaintiff-Appellee:      For Defendant-Appellant:

JANNA C. WOODBURN      ERIC J. ALLEN
Assistant Prosecuting Attorney      4200 Regent, Suite 200
19 East Main St.      Columbus, OH 43219
McConnelsville, OH 43756

*Delaney, J.*

{¶1} Defendant-appellant Billy Battle appeals from the January 11, 2019 "Decision Finding Defendant a Vexatious Litigator" of the Morgan County Court of Common Pleas. Plaintiff-appellee is Morgan County Prosecutor Mark Howdyshell.

## FACTS AND PROCEDURAL HISTORY

{¶2} In 2009, appellant was convicted of, e.g., felonious assault against a police officer with a firearm specification. He was sentenced to an aggregate prison term of 10 years. Appellant directly appealed from his convictions and sentence, raising four assignments of error; we overruled each of the assignments of error and affirmed appellant's convictions and sentence. *State v. Battle*, 5th Dist. Morgan No. 09 AP 0001, 2010-Ohio-4327. The Ohio Supreme Court declined jurisdiction of an appeal from our decision. 127 Ohio St.3d 1533, 940 N.E.2d 987 (2011). The U.S. Supreme Court denied certiorari. 565 U.S. 861, 132 S.CT. 200, 181 L.Ed.2d 106 (2011).

{¶3} Appellant's convictions and sentence led to several attempts at post-conviction relief and ensuing appeals.

{¶4} Independent of those post-conviction relief attempts, appellant filed a number of lawsuits against public officials, lawyers, and court reporters who had varying levels of involvement in his criminal case. This litigation arises from two alleged factual circumstances:

>       1.) A hearing was held on August 26, 2008, in appellant's underlying criminal case. The recording of the hearing was subsequently misplaced or damaged, and a transcript of the hearing was not provided for appellant's direct appeal. Appellant maintains

that during this hearing, the prosecutor said appellant would not be prosecuted for the crimes he was later convicted of.

2.) A Morgan County trial court judge allegedly stated, during proceedings in a separate, unrelated matter, that appellant was convicted of a crime which he did not commit.

{¶5} Some of the litigation discussed infra also involved a purported misstatement of fact in appellant's pre-sentence investigation in his criminal case. We note none of these allegations are developed in the record, and were merely alluded to by both parties as they argued whether appellant's various lawsuits were meritorious.

{¶6} The instant action arose on April 19, 2018 when appellee filed a Complaint for Vexatious Litigator pursuant to R.C. 2323.52. Appellant answered, and the matter proceeded to an evidentiary hearing on November 19, 2018. The following cases were introduced at the evidentiary hearing and cited by appellee as examples of vexatious litigation:

A) **Morgan County Court of Common Pleas case number 12CV0187**, in which appellant alleged libel and slander against the Morgan County Sheriff's Office. Appellant demanded damages in excess of $25,000. The complaint was dismissed as time-barred because the activity alleged occurred more than four years before the complaint was filed.

B) **Morgan County Court of Common Pleas case number 13CV0042**, in which appellant named defendants Morgan County Court of Common Pleas Judge Dan W. Favreau, Tom Jenkins, Amy

Graham, the Franklin County Sheriff's Department, the Hocking County Sheriff's Department, and Sandra Battle. Appellant alleged slander, defamation, intentional infliction of emotional distress, conspiracy to interfere with appellant's civil rights, and deprivation of his civil rights by malicious prosecution. Appellant sought compensatory and punitive damages in excess of $25,000. The trial court granted Favreau's motion to dismiss all claims except those for defamation and intentional infliction of emotional distress. Favreau appealed the trial court's denial of portions of the motion to dismiss, but we dismissed the appeal for lack of a final appealable order. *Battle v. Favreau*, 5th Dist. Morgan No. 13AP0004, 2014-Ohio-2170.

Appellant's complaint against Favreau continued in the trial court, with Favreau filing a motion for summary judgment against appellant which was granted on August 22, 2014. Appellant thereupon appealed from the trial court's decision, asserting he was not given time to respond to Favreau's motion for summary judgment. We agreed, and reversed and remanded the matter to the trial court to permit appellant to respond to the motion for summary judgment. *Battle v. Favreau,* 5th Dist. Morgan No. 14AP0008, 2015-Ohio-585.

Upon remand, the trial court issued a motion schedule, ordering appellant to respond to Favreau's motion for summary judgment by a date certain. Appellant responded; Favreau replied;

and on May 12, 2015, the trial court granted summary judgment in favor of Favreau.

Appellant appealed from the decision of the trial court and we affirmed. *Battle v. Favreau*, 5th Dist. Morgan No. 15AP0007, 2015-Ohio-5106.

C) **Morgan County Court of Common Pleas case number 13CV0043**, in which appellant named Court Reporter Dawn Hosom as defendant; asserted claims of fraudulent misrepresentation of the truth, fraud upon the court, and deprivation of due process of law; and sought compensatory and punitive damages in excess of $25,000. Appellant's claims were dismissed and the Court found Hosom to be entitled to sovereign immunity and qualified immunity.[1]

D) Morgan County Court of Common Pleas case number 13CV0105, in which appellant filed a petition for a writ of mandamus against Judge Favreau and Matt Cook, respondents, demanding that they retract portions of a P.S.I. containing erroneous information. Appellant also sought a temporary injunction. The trial court

---

[1] Appellant's filings related to a previously-omitted record of a hearing held on August 26, 2008. On July 13, 2012, appellant filed a motion in the trial court to certify the record of the hearing. The trial court denied the motion, and appellant appealed from the decision and filed the writ of mandamus supra. In the appeal, appellant argued the trial court erred in failing to provide the recording or to certify a transcription of the recording. We overruled appellant's assignments of error, noting appellant's "only conceivable purpose in filing the motion with the trial court is for use in reopening his direct appeal," and we had already denied the application to reopen. *State v. Battle,* 5th Dist. Morgan No. 12AP008, 2013-Ohio-1759, ¶ 12. The Ohio Supreme Court declined to accept appellant's appeal from our decision. 136 Ohio St.3d 1494, ** N.E.3d ** (2013).

dismissed the complaint upon determining that it lacked subject-matter jurisdiction.

E) **Ohio Supreme Court case number 2013-1343**, in which appellant sought a writ of mandamus regarding removal of statements from the P.S.I., but the case was dismissed.

F) **Morgan County Court of Common Pleas case number 17 CRA 201**, in which appellant attempted to file a criminal complaint on behalf of the state of Ohio seeking appointment of a special prosecutor. Appellant's complaint alleged perjury and multiple counts of tampering with records arising from alleged false statements made under oath in Morgan County Court of Common Pleas case number 13-CV-0043. The case was dismissed.

G) **Morgan County Court of Common Pleas case number 17CV167**, in which appellant filed suit against his former defense counsel. The matter was dismissed.

H) **Morgan County Court of Common Pleas case number 18CV0021**, in which appellant again sought appointment of a special prosecutor and injunctive relief. Appellant sought a writ of mandamus compelling appellee and his office to recuse themselves from all investigations and subsequent prosecution of current or former officials of the Morgan County, including its Courts. Appellant sought a special prosecutor to pursue criminal charges against Michael Totman. The case was dismissed.

{¶7}   By judgment entry dated January 11, 2019, the trial court found appellant to be a vexatious litigator.

{¶8}   Appellant now appeals from the trial court's "Decision Finding Defendant a Vexatious Litigator and Order" dated January 11, 2019.

{¶9}   Appellant raises one assignment of error:

## ASSIGNMENTS OF ERROR

{¶10} "THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THE RESPONDENT TO BE A VEXATIOUS LITIGATOR."

## ANALYSIS

{¶11} In his sole assignment of error, appellant argues the trial court abused its discretion in finding him to be a vexatious litigator.  We disagree.

{¶12} R.C. 2323.52(B) describes the process by which a county prosecutor may seek to have an individual declared a vexatious litigator.  That section states in pertinent part:

> A * * * prosecuting attorney * * * who has defended against habitual and persistent vexatious conduct in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator. The * * * prosecuting attorney * * * may commence this civil action while the civil action or actions in which the habitual and persistent vexatious conduct occurred are still pending or within

one year after the termination of the civil action or actions in which the habitual and persistent vexatious conduct occurred.

{¶13} "Vexatious conduct" means conduct of a party in a civil action that satisfies any of the following:

(a) The conduct obviously serves merely to harass or maliciously injure another party to the civil action.

(b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

(c) The conduct is imposed solely for delay.

R.C. 2323.52(A)(2).

{¶14} A "vexatious litigator" is defined as "any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions. * * * *."  R.C. 2323.52(A)(3).

{¶15} Declaring a plaintiff to be a vexatious litigator is "an extreme measure" that should be granted only "when there is no nexus" between "the filings made by the plaintiff and [his or her] intended claims." *McClure v. Fischer Attached Homes*, 145 Ohio Misc.2d 38, 882 N.E.2d 61, 2007–Ohio–7259 at ¶ 33.

{¶16} In the instant case, the trial court found by a preponderance of the evidence that appellant "is a vexatious litigator who engaged in vexatious conduct numerous times

in Morgan County." Decision Finding Defendant a Vexatious Litigator and Order, January 11, 2019, 5. In reaching this conclusion, the trial court thoroughly reviewed appellant's history of filing cases which were not warranted under existing law and could not be supported by a good-faith argument for extension, modification, or reversal of existing law. The trial court also reviewed appellant's conduct in connection with those cases. Upon our review of the record, we agree with the following findings of the trial court:

> * * *[T]he conduct [appellant] engaged in, especially the conduct against the public officials, served merely to harass or maliciously injure the parties listed as defendants. While [appellant] is correct that a transcript of a hearing was misplaced and an inaccurate comment was in his presentence investigation, those matters had nothing to do with his conviction (as noted by the Court of Appeals and this Court) and/or his sentence. [Appellant] continues to blame others for his criminal conduct which led to his conviction.

> Decision Finding Defendant a Vexatious Litigator and Order, 5.

{¶17} Based on our review of the record and appellant's numerous filings, we conclude that the trial court did not err in finding appellant to be a vexatious litigator. See, *Helfrich v. Madison*, 5th Dist. Licking No. 11 CA 26, 2012-Ohio-551, ¶ 62; *Castrataro v. Urban*, 5th Dist. No. 03-CA-E-06-030, 155 Ohio App.3d 597, 2003-Ohio-6953, 802 N.E.2d 689, ¶ 58. In reviewing the cases cited by appellee and the trial court, we agree appellant's filings constitute persistent and habitual conduct done without reasonable grounds. *Harris v. Smith*, 5th Dist. Richland No. 2011CA0108, 2012-Ohio-3547, ¶ 20.

{¶18} Upon review of the record, we find overwhelming evidence that appellant habitually files unnecessary, inappropriate, or supernumerary pleadings and motions. *Plummer v. Westfall*, 5th Dist. Guernsey No. 09 CA 8, 2009-Ohio-4998, ¶ 53. Further, the record shows that appellant insists on raising and re-raising arguments which have been rejected by the trial court, and this Court, sometimes repeatedly. *Id.*

{¶19} Appellant's baseless litigiousness goes beyond holding public officials accountable for perceived errors in his prosecution and conviction. "While this Court is sympathetic to a party who feels he has suffered an injustice, and takes all measures within the law to correct such, we find that Appellant's actions have long passed this stage." *Helfrich*, supra, at ¶ 63. His conduct in the various matters described by the trial court are "vexatious," within the meaning of the statute, in that "[t]he conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." *Id.*, citing R.C. 2323.52(A)(2)(b). His conduct is also "vexatious" insofar as some of it "is imposed solely for delay." *Id.* As such, the trial court properly declared him a vexatious litigator.

{¶20} Appellant's sole assignment of error is overruled.

**CONCLUSION**

{¶21} Appellant's sole assignment of error is overruled and the judgment of the Morgan County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.