[Cite as *Stephens v. Downtown Property Mgt., Inc.*, 2023-Ohio-1988.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TINA STEPHENS, | : | APPEAL NO. C-220332 |
| | | TRIAL NOS. A-2102599 |
| Plaintiff-Appellant, | : | A-2201257 |
| vs. | : | *O P I N I O N.* |
| DOWNTOWN PROPERTY MANAGEMENT, INC., | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: June 16, 2023

*Tina Stephens*, pro se,

*Karen Comisar Prescott*, for Defendant-Appellee.

**WINKLER, Judge.**

{¶1} Plaintiff-appellant Tina Stephens appeals from the judgment of the Hamilton County Court of Common Pleas, which granted summary judgment (1) dismissing Stephens's complaint against defendant-appellee Downtown Property Management, Inc., ("DPM") as barred by claim preclusion, (2) finding Stephens to be a vexatious litigator under R.C. 2323.52, and (3) finding Stephens engaged in frivolous conduct under R.C. 2323.51. For the following reasons, we affirm the judgment of the trial court.

## Facts and Procedural History

{¶2} Stephens was formerly a tenant at Airy Trails Apartments located at 4510 Colerain Avenue. Airy Trails Apartments is owned by Airy Trails Associates LLC and managed by DPM.

{¶3} Prior to the case leading to this appeal, DPM brought an eviction action against Stephens, and Airy Trails Associates LLC brought a rent-escrow action against her. Those two cases were consolidated in the Hamilton County Municipal Court. There, Stephens raised various defenses and asserted counterclaims seeking damages for various harms arising from her tenancy at Airy Trails.

{¶4} Before the trial began in the municipal court, Stephens filed a separate complaint in the Hamilton County Court of Common Pleas against one of the individual members of Airy Trails Associates LLC. The complaint in the court of common pleas raised the same claims as her counterclaims in the municipal court. The court of common pleas dismissed Stephens's complaint against the Airy Trails member and the municipal court rendered judgment against Stephens in the consolidated eviction and rent-escrow action.

2

{¶5}     After those dispositions, Stephens filed four more complaints in the court of common pleas against Airy Trails Associates LLC, its members, and its agents.  Stephens filed two more complaints in the court of common pleas against DPM.  The two complaints against DPM were consolidated and are the subject of this appeal.

{¶6}     In the complaints against DPM, Stephens alleged the same claims relating to her prior tenancy that she raised in the municipal court. DPM filed an answer to the complaint arguing res judicata barred Stephens's complaint.  In its counterclaim, DPM sought to have Stephens declared a vexatious litigator under R.C. 2323.52 and requested that the court set a hearing for recovery of reasonable costs and attorney fees under R.C. 2323.51, alleging Stephens's complaint was frivolous.  DPM moved for summary judgment on all three issues, and the trial court granted DPM's motion in its entirety.  This appeal followed.

{¶7}     This court granted Stephens leave to appeal the trial court's vexatious-litigator and frivolous-conduct determinations.  Stephens was not granted leave to appeal trial court's determination that res judicata bars Stephens's complaint.  Stephens raises four assignments of error.

## Analysis

{¶8}     As an initial matter, pro se appellants are "presumed to have knowledge of the law and legal procedures" and must be "held to the same standard as litigants who are represented by counsel." *Marreez v. Jim Collins Auto Body, Inc.*, 1st Dist. Hamilton No. C-210192, 2021-Ohio-4075, ¶ 4, quoting *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10.  Pro se appellants must comply with the rules of practice

and procedure just like members of the bar. *Curry v. Mansfield*, 5th Dist. Richland No. 2020 CA 0005, 2020-Ohio-4125, ¶ 6, quoting *Hardy v. Belmont Corr. Inst.*, 10th Dist. Franklin No. 06AP-116, 2006-Ohio-3316, ¶ 9. In the interest of justice, we will consider all cognizable contentions presented but will not create an argument if a pro se litigant does not develop one. *Fontain v. Sandhu*, 1st Dist. Hamilton No. C-200011, 2021-Ohio-2750, ¶ 15.

{¶9} Stephens's first three assignments of error reargue the merits of her claims and defenses relating to her prior tenancy. These do not present a cognizable argument of error by the trial court in its determination that Stephens is a vexatious litigator within the meaning of R.C. 2323.52 and that Stephens's complaint is frivolous within the meaning of R.C. 2323.51. We granted Stephens leave only to appeal the trial court's vexatious-litigator determination and frivolous-conduct determination, and the assignments of error go outside those issues. Accordingly, we overrule Stephens's first three assignments of error.

{¶10} Stephens's fourth assignment of error challenges the trial court's consideration of the six prior lawsuits in granting summary judgment. Because this court has granted leave to appeal the trial court's vexatious-litigator and frivolous-conduct determinations, and this assignment of error goes to those determinations, we interpret it to challenge the entry of summary judgment.

{¶11} The appropriate standard of review for Stephens's assignments of error regarding summary judgment is de novo. Ordinarily, an appellate court reviews a vexatious-litigator determination for an abuse of discretion. *State ex rel. Newell v. Cuyahoga Cty. Court of Common Pleas*, 165 Ohio St.3d

4

341, 2021-Ohio-3662, 179 N.E.3d 84, ¶ 19. However, when a trial court declares a person a vexatious litigator based on a motion for summary judgment, this court has applied the standard of review for summary judgment. *See, e.g., Borger v. McErlane*, 1st Dist. Hamilton No. C-010262, 2001 Ohio App. LEXIS 5544 (Dec. 14, 2001).

{¶12} We review summary-judgment decisions de novo. *Al Neyer, LLC v. Westfield Ins. Co.*, 1st Dist. Hamilton No. C-200007, 2020-Ohio-5417, ¶ 13, citing *Holloman v. Permanent Gen. Assur. Corp.*, 1st Dist. Hamilton No. C-180692, 2019-Ohio-5077, and *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712. Summary judgment is proper where "(1) no genuine issue of material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Civ.R. 56(C); *see id.* at ¶ 14, citing *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶13} The standard of review to be applied to a trial court's decision to grant sanctions for frivolous conduct under R.C. 2323.51 depends on whether there are questions of law or of fact, or whether there are mixed questions of law and fact. *217 Williams, LLC v. Worthen*, 1st Dist. Hamilton No. C-180101, 2019-Ohio-2559, ¶ 16. For purely legal questions, the appellate court applies a de novo standard of review. *Id.* In contrast, an appellate court may not disturb a trial court's findings of fact if the record contains competent, credible evidence to support those findings. *Id.*

*Applicable Law*

{¶14} The frivolous-conduct statute, R.C. 2323.51, and the vexatious-litigator statute, R.C. 2323.52, work together to limit improper use of Ohio's court system. The frivolous-conduct statute allows a party adversely affected by "frivolous conduct" to seek an award of reasonable costs and attorney fees. R.C. 2323.51(B). The vexatious-litigator statute allows a court to declare a person a "vexatious litigator" for engaging in "vexatious conduct" habitually, persistently and without reasonable grounds, and to prohibit the vexatious litigator from instituting, continuing, or making an application in any legal proceeding without first seeking leave of the trial court making the designation. R.C. 2323.52(D)(1).

{¶15} The vexatious-litigator statute defines "vexatious litigator" to mean any person who has habitually, persistently, and without reasonable grounds engaged in "vexatious conduct." R.C. 2323.52(A)(3). The statute defines "vexatious conduct" to mean conduct of a party in a civil action that satisfies any of the following:

(1)     The conduct obviously serves merely to harass or maliciously injure another party to the civil action;

(2)     The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law; or

(3)     The conduct is imposed solely for delay.

R.C. 2323.52(A)(2). The frivolous-conduct statute defines "frivolous conduct" to mean, in relevant part, conduct that satisfies any of the following:

6

(1)     It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including causing unnecessary delay or a needless increase in the cost of litigation; or

(2)     It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law * * *.

R.C. 2323.51(A)(2)(a).  Unlike the vexatious-litigator statute, a person need not engage in frivolous conduct habitually, persistently or without reasonable grounds for a court to find against that person.

{¶16}   The two statutes operate hand-in-hand.  The Ohio Supreme Court noted the purpose of the vexatious-litigator statute is "to prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds and/or *otherwise engage in frivolous conduct in the trial courts of this state*." (Emphasis added.) *Mayer v. Bristow*, 91 Ohio St.3d 3, 13, 740 N.E.2d 656 (2000), quoting *Cent. Ohio Transit Auth. v. Timson*, 132 Ohio App.3d 41, 50, 724 N.E.2d 458 (1998).

{¶17}   Additionally, the two statutes share common elements.  A party can engage in both vexatious conduct and frivolous conduct at the same time. *Brown v. Carlton Harley-Davidson, Inc.*, 8th Dist. Cuyahoga No. 101494, 2014-Ohio-5157, ¶ 11.  Both statutes penalize conduct that is to harass or maliciously injure another party to the civil action.  R.C. 2323.51(A)(2)(a)(i) and 2323.52(A)(2)(a).  Additionally, both statutes penalize conduct that is not

7

warranted under existing law and cannot be supported by a good-faith argument for an extension, modification, or reversal of existing law. R.C. 2323.51(A)(2)(a)(ii) and 2323.52(A)(2)(b).

### *Vexatious-Litigator Determination*

{¶18}   The trial court correctly granted summary judgment finding Stephens to be a vexatious litigator because there was no genuine issue of material fact as to whether Stephens habitually, persistently, and without reasonable grounds engaged in vexatious conduct.

{¶19}   It is the nature of the conduct, not the number of actions, which determines whether a person is a "vexatious litigator." *Borger*, 1st Dist. Hamilton No. C-010262, 2001 Ohio App. LEXIS 5544.  However, the number of actions is relevant to whether a person habitually and persistently engages in vexatious conduct.  Vexatious conduct includes "filing unnecessary, inappropriate or supernumerary pleadings and motions which raise or re-raise arguments that have been repeatedly rejected by the courts." *Howdyshell v. Battle*, 5th Dist. Morgan No. 19AP0001, 2019-Ohio-5232, ¶ 18.  Similarly, vexatious conduct includes the "consistent repetition of arguments and legal theories that have been rejected by the court numerous times." *Prime Equip. Group, Inc. v. Schmidt*, 2016-Ohio-3472, 66 N.E.3d 305, ¶ 40 (10th Dist.).

{¶20}   On summary judgment, Stephens did not dispute that she filed six complaints against DPM, Airy Trails Associates LLC and its members. Stephens did not dispute that those complaints repeated arguments that the municipal court previously rejected.  Instead, Stephens reargued the merits of those claims once more and attacked the affidavit in support of the motion for summary judgment because it contained immaterial typographical errors of

facts that were not in dispute, such as spelling her name as "Stevens" instead of "Stephens" and misidentifying the address of Airy Trails Apartments as "8510 Colerain Avenue" instead of "4510." Thus, there was no genuine dispute that Stephens's conduct is vexatious conduct under R.C. 2323.52(A)(2)(a) because it obviously serves the purpose, or has the effect, of harassing DPM by compelling it to respond to a legal action for which there are no objective, reasonable grounds. Because Stephens's six complaints are barred by res judicata, and Stephens did not contest or appeal that determination, her conduct is also vexatious conduct under R.C. 2323.52(A)(2)(b) because it is not warranted under existing law and cannot be supported by a good-faith argument for an extension, modification, or reversal of existing law.

{¶21} Stephens's repeated filing of previously-litigated claims against DPM, Airy Trails Associates LLC and its individual members demonstrated she habitually and persistently engaged in vexatious conduct without reasonable grounds. *See Howdyshell* at ¶ 18; *Prime Equip. Group Inc.* at ¶ 40. Stephens has incurred no direct cost to file the multiple complaints while DPM has expended time and money prosecuting the original municipal court action and defending Stephens's later actions in the court of common pleas.

{¶22} Stephens argues that the complaints she filed against Airy Trails Associates LLC and its members are not relevant to the case against DPM. However, a "vexatious litigator" as defined by R.C. 2323.52(A)(3) is one who engages in vexatious conduct "whether in the court of claims or in a court of appeals, *court of common pleas*, *municipal court*, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the

9

civil action or actions." (Emphasis added.) Thus, under the plain language of the statute, the trial court can rely on other cases brought in other courts. *See Blassingame v. Pureval*, 1st Dist. Hamilton No C-210495, 2022 Ohio App. LEXIS 2821, 4-5 (Aug. 26, 2022) (finding vexatious conduct over 13 lawsuits); *Prime Equip. Group, Inc.*, 2016-Ohio-3472, 66 N.E.3d 305, at ¶ 41 (finding vexatious conduct over six actions before different courts and with different parties).

{¶23} Stephens argues that she acted in good faith and did not intend to harass anyone. However, the standard for vexatious conduct is not assessed under the vexatious litigator's subjective opinion of her own intentions. *Id.* "Vexatious conduct" requires proof that Stephens's conduct "*serves* merely to harass or maliciously injure another party to the civil action." (Emphasis added.) R.C. 2323.52(A)(2)(a). Thus, Stephens's conduct is "vexatious conduct" within the meaning of the statute even if Stephens does not intend her conduct to be harassing or if she sincerely believes in the justness of her cause. *See Borger*, 1st Dist. Hamilton No. C-010262, 2001 Ohio App. LEXIS 5544.

{¶24} Thus, the trial court correctly found that was no genuine issue of material fact as to whether Stephens habitually, persistently and without reasonable grounds engaged in vexatious conduct when she attempted to relitigate in the court of common pleas the same claims the municipal court rejected hoping to get a different result. Accordingly, summary judgment finding Stephens to be a "vexatious litigator" was appropriate.

### *Frivolous-Conduct Determination*

**{¶25}** Frivolous conduct is more straightforward than vexatious conduct. First, the frivolous-conduct statute does not require the "habitual[]" or "persistent[]" misconduct that the vexatious-litigator statute requires. Second, multiple other appellate courts have held that filing a complaint barred by res judicata is frivolous conduct as a matter of law because it is not warranted under existing law. *See Mack v. Asset Acceptance*, 5th Dist. Ashland No. 07-COA-044, 2008-Ohio-5108, ¶ 40; *Cincinnati Ins. Co. v. Oaneca*, 6th Dist. Lucas No. L-05-1007, 2005-Ohio-4872, ¶ 22. The trial court found that the claims against DPM were barred by res judicata and Stephens was not permitted to appeal that finding. Thus, the trial court correctly determined that Stephens engaged in frivolous conduct.

**{¶26}** Because the trial court correctly granted summary judgment, we overrule Stephens's fourth assignment of error.

## Conclusion

**{¶27}** Having overruled all the assignments of error, we affirm the judgments of the trial court.

Judgments affirmed.

**ZAYAS**, **P.J.**, and **BOCK**, **J.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.