[Cite as *UH OH Ohio, L.L.C. v. Buchanan*, 2024-Ohio-11.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| UH OH OHIO, LLC, | : | APPEAL NO.  C-230118 |
| | | TRIAL NO.   A-2203396 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| MICHAEL BUCHANAN, | : | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: January 5, 2024

*Blessing & Wallace Law, LLC*, and *Angela L. Wallace*, for Plaintiff-Appellee,

*Michael Buchanan*, pro se.

**CROUSE, Presiding Judge.**

{¶1}   Defendant-appellant Michael Buchanan appeals from the trial court's decision granting summary judgment in favor of plaintiff-appellee Uh Oh Ohio, LLC, ("Uh Oh") in its action to have the trial court declare Buchanan to be a vexatious litigator. For the reasons that follow, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶2}   Buchanan is a former employee of Uh Oh. Uh Oh is one of several limited liability companies ("LLCs") operated by Michael Klinger relating to the ownership and management of rental properties in Hamilton County. Buchanan worked for Uh Oh for a little more than a month from December 2021 to January 2022 when he abruptly quit. Buchanan categorizes his resignation as "constructive discharge" because he quit as a result of intolerable work conditions, whereas Uh Oh claims that Buchanan quit suddenly by text message after a phone call with Klinger in which Klinger criticized Buchanan's work performance. Buchanan categorizes certain, highly animated statements he alleges that Klinger made over the phone as "assault."

{¶3}   Shortly after Buchanan's employment with Uh Oh ended in January 2022, Buchanan filed a complaint in the Hamilton County Municipal Court, in the case numbered 22CV-01342, alleging various causes of action against Uh Oh. Buchanan primarily alleges assault, but his complaint also contains claims pertaining to hazardous working conditions, unfair pay, and constructive discharge. The complaint names as defendants Uh Oh, several other LLCs operated by Klinger, and LCNB National Bank. LCNB National Bank was dismissed voluntarily as a defendant after it filed a motion to dismiss for failure to state a claim against it. At present, Buchanan's assault case has been stayed by the municipal court awaiting the outcome of the

2

instant case.

{¶4} In September 2022, Uh Oh filed its complaint in the Hamilton County Court of Common Pleas seeking to have the court declare Buchanan to be a vexatious litigator under R.C. 2323.52. Uh Oh alleged that Buchanan had filed 21 complaints in the Hamilton and Butler County courts between 2008 and 2022, including the assault case against Uh Oh. Of these cases, 18 were filed pro se. Uh Oh alleged that each of these lawsuits was "instituted merely to harass or maliciously injure the defendant, was not warranted under existing law or a reasonable extension thereof, or was imposed solely for delay." With the exception of the pending assault case between Buchanan and Uh Oh, each case was dismissed. Although every case was dismissed, rather than reaching a result on the merits, Buchanan points out that some cases were dismissed following a settlement in which Buchanan was paid by the defendant. Uh Oh categorizes these as "nuisance settlement" payments, made solely to terminate litigation expeditiously, rather than on the basis of potential merit.

{¶5} Buchanan filed an answer, denying the entire complaint generally, and counterclaimed for damages against Uh Oh and its attorney for defamation and false light regarding the allegations made by Uh Oh in its complaint. The court dismissed the counterclaims on the basis that statements made in a judicial proceeding that are reasonably related to the proceeding are absolutely privileged against a claim of defamation or false light, citing *Hecht v. Levin*, 66 Ohio St.3d 458, 460, 613 N.E.2d 585 (1993), and *Dudee v. Philpot*, 2019-Ohio-3939, 133 N.E.3d 590, ¶ 84 (1st Dist.).

{¶6} Buchanan and Uh Oh each filed motions for summary judgment. In support of its motion, Uh Oh relied on its summary of the public records of Buchanan's many court filings. Buchanan supported his motion with multiple exhibits showing

that he had received some form of settlement in seven of his cases. Buchanan's exhibits also show that in three of his cases, he was represented by counsel. Buchanan's exhibits also show records from two cases not appearing in Uh Oh's list, in which Buchanan won default judgments. Those two cases, however, are duplicative of other cases Buchanan filed later against the same defendants and which do appear on Uh Oh's list.

{¶7} Between October 2022 and March 2023, Buchanan and Uh Oh engaged in extensive motions practice. Buchanan filed multiple motions regarding discovery disputes, requests to have records in this case sealed against public disclosure, and motions to have Uh Oh's attorney sanctioned and held in contempt. While the trial court did permit the sealing of one of Buchanan's exhibits, the remainder of Buchanan's motions were denied. Buchanan also filed a subpoena duces tecum demanding that the Ohio Bureau of Worker's Compensation appear and produce a litany of records pertaining to attempts to access his records, including login attempts by Uh Oh's attorney.

{¶8} In March 2023, the court granted Uh Oh's motion for summary judgment, denied Buchanan's motion for summary judgment, and declared Buchanan to be a vexatious litigator. The court based its decision on: counterclaims filed in this action that are "wholly unsupported by Ohio law"; repeated attempts to file amended counterclaims without leave of the court, seeking first $170,000 and later $10 million in damages; and the "litany of other motions" filed "with little or hard to follow context." The trial court also reviewed Buchanan's history of filing other cases, noting that while some were settled or otherwise worked out, "the record clearly establishes the courts have been weaponized by Mr. Buchanan to solve every perceived dispute or

slight he encounters, perhaps in the hopes of obtaining a quick settlement. When that did not happen, it was often incumbent upon the courts to dismiss his cases."

{¶9} Following the court's order on summary judgment, Buchanan filed a notice of appeal and a motion to stay the execution of the court's judgment. The trial court denied Buchanan's motion to stay execution. This court dismissed Buchanan's appeal for failure to request leave of the court to file his appeal in the appeal numbered C-230096. Buchanan subsequently requested leave to file an appeal, which was granted, and a fresh notice of appeal.

{¶10} Buchanan also filed a motion requesting that the trial judge, Judge Robert Goering, voluntarily recuse himself from the case. Buchanan also filed an affidavit of disqualification against Judge Goering in the Ohio Supreme Court. The Supreme Court dismissed Buchanan's affidavit because nothing was then pending before Judge Goering in the court of common pleas. Buchanan then filed a "Motion for Redaction and Preservation of Confidentiality" in the trial court. The trial court dismissed the motion as moot on the basis that (1) Buchanan had not sought leave of the court to file it, (2) the case was then pending on appeal, and (3) the court had already ruled on a similar motion. In the interim, Buchanan filed a new affidavit of disqualification with the Supreme Court. The Supreme Court denied Buchanan's affidavit on the merits, holding that Buchanan had not shown a disqualifying relationship or bias against Buchanan.

## II. Analysis

{¶11} In his sole assignment of error, Buchanan argues that the trial court erred in granting summary judgment to Uh Oh.

{¶12} Although the trial court's determination in a vexatious-litigator case is

5

ordinarily reviewed for an abuse of discretion, we apply the summary-judgment standard when the trial court made its decision on a motion for summary judgment. *Stephens v. Downtown Property Mgt.*, 1st Dist. Hamilton No. C-220332, 2023-Ohio-1988, ¶ 11. An appellate court reviews the trial court's decision on summary judgment de novo. *Id.* at ¶ 12. Summary judgment is appropriate where "(1) no genuine issue of material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." *Id.*, quoting *Al Neyer, LLC v. Westfield Ins. Co.*, 2020-Ohio-5417, 163 N.E.3d 106, ¶ 14 (1st Dist.); Civ.R. 56(C).

{¶13} The vexatious-litigator statute provides for a court of common pleas to declare that a person is a vexatious litigator. A vexatious litigator is:

> any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions.

R.C. 2323.52(A)(3).

{¶14} Vexatious conduct is defined as:

> conduct of a party in a civil action that satisfies any of the following:
>
> (a) The conduct obviously serves merely to harass or maliciously injure

6

another party to the civil action.

(b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

(c) The conduct is imposed solely for delay.

R.C. 2323.52(A)(2).

**{¶15}** As we have explained previously, "[i]t is the nature of the conduct, not the number of actions, which determines whether a person is a 'vexatious litigator.' " *Stephens*, 1st Dist. Hamilton No. C-220332, 2023-Ohio-1988, at ¶ 19. The number of actions, however, may be relevant to the determination of whether a person "habitually and persistently engages in vexatious conduct." *Id.* Such vexatious conduct includes "filing unnecessary, inappropriate or supernumerary pleadings and motions which raise or re-raise arguments that have been repeatedly rejected by the courts." *Id.*, quoting *Howdyshell v. Battle*, 5th Dist. Morgan No. 19AP0001, 2019-Ohio-5232, ¶ 18. Vexatious conduct also includes the "consistent repetition of arguments and legal theories that have been rejected by the court numerous times." *Id.*, quoting *Prime Equip. Group, Inc. v. Schmidt*, 2016-Ohio-3472, 66 N.E.3d 305, ¶ 40 (10th Dist.).

**{¶16}** On summary judgment, Buchanan did not dispute that he filed the actions listed by Uh Oh. Rather, Buchanan provided additional evidence showing that Uh Oh was likely correct in its categorization of his settlements as "nuisance settlements." In one case, Buchanan demanded an amount in excess of $50,000 and settled the case for $500. In another case, Buchanan demanded $200,000 and settled the case for $1,000. In another series of cases, Buchanan sued the same defendant in three successive cases, first for $886, then for $3,000, and finally for $10 million,

despite having won a default judgment and successfully executing the judgment in the first case before either of the subsequent cases were filed. Many other cases were dismissed for lack of prosecution.

{¶17} Buchanan's conduct in this case also confirms that he has engaged in a pattern of vexatious conduct. Buchanan's counterclaims for defamation and false-light invasion of privacy, based solely on the allegations contained in the complaint, are clearly unwarranted under existing Ohio law, and Buchanan has presented no good-faith argument for an extension, modification, or reversal of existing law. *See Surace v. Wuliger*, 25 Ohio St.3d 229, 495 N.E.2d 939 (1986), syllabus ("under the doctrine of absolute privilege in a judicial proceeding, a claim alleging that a defamatory statement was made in a written pleading does not state a cause of action where the allegedly defamatory statement bears some reasonable relation to the judicial proceeding in which it appears"); *Dudee*, 2019-Ohio-3939, 133 N.E.3d 590, at ¶ 84, quoting *Welling v. Weinfeld*, 113 Ohio St.3d 464, 2007-Ohio-2451, 866 N.E.2d 1051, ¶ 58 ("False light defendants enjoy protections at least as extensive as defamation defendants."). Even after the trial court dismissed Buchanan's counterclaims, Buchanan repeatedly attempted to file amended counterclaims without leave of the court. Additionally, Buchanan repeatedly filed motions requesting the same or identical relief, even after the trial court had ruled on a similar motion.

{¶18} We conclude that the trial court correctly found that Buchanan had habitually, persistently, and without reasonable grounds engaged in vexatious conduct. Accordingly, Buchanan's sole assignment of error is overruled.

### III. Conclusion

{¶19} We affirm the judgment of the trial court.

Judgment affirmed.

**BERGERON** and **WINKLER, JJ.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.