[Cite as *Ho v. Evans*, 2024-Ohio-5184.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CHIA-CHI HO, | : | APPEAL NO. C-240063 |
| | | TRIAL NO.  A-2300903 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| ROSS EVANS, et al., | : | |
| Defendants, | : | |
| and | : | |
| CARLOS CO, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed

Date of Judgment Entry on Appeal: October 30, 2024

*Chia-Chi Ho, p*ro se,

*Finney Law Firm, LLC,* and *Stephen E. Imm*, for Defendant-Appellee.

**BERGERON, Judge.**

{¶1}    Today we consider a challenge to a vexatious litigator determination.  Because such a designation restricts a party's access to the courts, the legislature has seen fit to impose a high burden before a court classifies a litigant as vexatious under R.C. 2323.52.  Here, the proponent of the measure, defendant-appellee Carlos Co, failed to satisfy his burden or to adduce adequate evidence of vexatious conduct.  Nevertheless, the trial court deemed plaintiff-appellant Chia-Chi Ho, Ph.D. a vexatious litigator under the statute, and she now appeals.  Having reviewed the record and the arguments advanced by the parties, we reverse.  Accordingly, we sustain Dr. Ho's first assignment of error, which obviates the need to address her second.

I.

{¶2}    The present case is an outgrowth of a contentious divorce between Dr. Ho and Mr. Co.  The domestic relations court entered its divorce decree in 2022, which prompted a pro se appeal by Dr. Ho.  *See Ho v. Co*, 2023-Ohio-3698, ¶ 59 (1st Dist.) ("*Ho I*").  In that case, we for the most part affirmed the trial court's decision, but reversed the trial court's contempt finding against Dr. Ho.  *Id*.  However, the decision was a divided one, with Judge Kinsley dissenting on one assignment of error.  *Id*. at ¶ 60 (Kinsley, J., dissenting).

{¶3}    The issue that split the court in 2023 involved significant payments to the guardian ad litem ("GAL") appointed to represent Dr. Ho and Mr. Co's son.  That issue returned to us in 2024, in another pro se appeal by Dr. Ho.  *Ho v. Co*, 2024-Ohio-2424, ¶ 25 (1st Dist.) ("*Ho II*").  In that chapter of this story, we agreed with Dr. Ho's position, reversed the trial court's award of additional GAL fees, and remanded for further proceedings.

**{¶4}** Both of those cases help form the backdrop foundation for the present appeal. In the present action, Dr. Ho sued the GAL, Mr. Co, and others connected with her divorce for various causes of action. In response to appropriate motions to dismiss, the trial court dismissed the action.

**{¶5}** At the conclusion of the case, Mr. Co, apparently having his fill of litigation, asked the trial court here to deem Dr. Ho a vexatious litigator under R.C. 2323.52. Painting a picture of a campaign to weaponize the court system, Mr. Co alleged a pattern by Dr. Ho of meritless pro se filings ultimately designed for harassment.

**{¶6}** To bolster the point, Mr. Co identified eleven pro se actions filed by Dr. Ho, handing the trial court a chart of these cases. The trial court would ultimately cut and paste that chart into its entry granting the motion to declare Dr. Ho a vexatious litigator (the court apparently split one case into two, to end up with twelve cases). Of the twelve actions, two were pending at the time of the trial court's decision. In fact, one of those was *Ho II* that Dr. Ho prevailed upon. The other ten included (1) three appeals that were dismissed by this Court for jurisdictional reasons, (2) two municipal court actions where the defendant prevailed, (3) one municipal court action that was dismissed, (4) one common pleas case that was dismissed; and (5) three disqualification actions filed in the Ohio Supreme Court.

**{¶7}** Without making any explicit findings, the trial court granted the motion, and Dr. Ho now appeals.

II.

**{¶8}** We consider Dr. Ho's first assignment of error challenging the court's determination of her as a vexatious litigator. We generally review the grant of a vexatious

3

litigator motion for an abuse of discretion.[1] *See Stephens v. Downtown Property Mgt., Inc.*, 2023-Ohio-1988, ¶ 11 (1st Dist.), citing *State ex rel. Newell v. Cuyahoga Cty. Court of Common Pleas*, 2021-Ohio-3662, ¶ 19. An abuse of discretion occurs when a court exercises its judgment, in an unwarranted way, with respect to a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶9}    As we have previously explained, the "General Assembly provided that a two-pronged test must be satisfied before a trial court may declare someone a vexatious litigator." *City of Madeira v. Oppenheimer*, 2021-Ohio-2958, ¶ 7 (1st Dist.). First, the statute requires that the litigant must have "engaged in vexatious conduct in a civil action or actions." R.C. 2323.52(A)(3). "Vexatious conduct" includes behavior of a party that (a) serves merely to harass or maliciously injure another party to the civil action, (b) is not warranted under existing law and cannot be supported by good faith argument for an extension modification, or reversal of existing law, or (c) is imposed solely for delay. R.C. 2323.52(A)(2). Second, the vexatious conduct must have been "habitual[], persistent[], and without reasonable grounds," keeping the focus on repeated abuses of the legal system. R.C. 2323.52(A)(3). We must evaluate the litigant's conduct across the entirety of the cases, considering the nature of the actions filed. *Borger v. McErlane*, 2001-Ohio-4030, 11 (1st Dist.).

{¶10}   Significantly, given the magnitude of the right at stake—access to the courts—the elements of R.C. 2323.52(A)(3) must be established by clear and convincing evidence. *Oppenheimer* at ¶ 8. Clear and convincing evidence, of course, requires *evidence* to justify the trial court's decision, a problem to which we will turn shortly. This Court and others have

---

[1] Admittedly, there is some confusion on this score because the statute presupposes a "civil action" to declare someone a vexatious litigator rather than a motion. R.C. 2323.52(B). In reviewing a summary judgment decision concluding such an action, we would apply de novo review rather than an abuse of discretion. *See Stephens v. Downtown Property Mgt., Inc.*, 2023-Ohio-1988, ¶ 13 (1st Dist.).

highlighted that the vexatious litigator determination constitutes "an extraordinary remedy that should be applied in very limited circumstances, supported by clear and convincing evidence." *In re T.D.J.*, 2016-Ohio-293, ¶ 7 (8th Dist.).

**{¶11}** With this standard in mind, we turn to look at the evidence marshalled by Mr. Co and find it wanting, to non-existent. In his motion to declare Dr. Ho a vexatious litigator, he included the chart that we referenced above (which is just a summary, not evidence) and one transcript that we will discuss below. In his reply, he attached two documents related to Dr. Ho's effort to disqualify the domestic relations judge, but typically a party should not introduce new evidence in their reply filing. Other than the transcript and those two attachments (assuming they counted), no *evidence* was tendered to the trial court.

**{¶12}** Mr. Co is quick to insist, however, that he did provide case numbers for the cases on the chart, and that we could go dig up the records from those cases. While that is true, it is not incumbent upon the trial court (or us) to wade through the records of various cases, scouring pleadings to see if they ultimately meet the statutory standard for vexatious conduct. It is the proponent's burden to bring that evidence forward and show us how the individual satisfies the standard. In some cases, a trial judge may be personally familiar with a litigant and their proclivities, but since most of the cases identified in the chart were not from the common pleas court, this doesn't appear to be one of those cases (nor does the trial court indicate such in its entry).

**{¶13}** To appreciate why the proponent must actually present and rely upon evidence, rather than argument, we turn to the four cases before this Court on the chart (with which we are most familiar). In Case No. C-230571, as mentioned above, Dr. Ho ultimately prevailed. *Ho II*. Her appellate brief discussed the appropriate legal standard and advanced reasonable

(and ultimately meritorious) arguments. We saw nothing in her conduct or filings that suggested vexatiousness. In Case No. C-210583, we dismissed Dr. Ho's appeal as premature because the divorce decree was not yet finalized. The question of whether an order constitutes a final appealable order is one that vexes even experienced practitioners, and our Court often dismisses appeals when the appellant jumps the gun. *See, e.g.*, *Deer Park Roofing, Inc. v. Oppt*, 2022-Ohio-1469 (1st Dist.) (concluding that we lacked appellate jurisdiction when appellant filed a premature appeal of an interlocutory order). In Case No. C-220435, we dismissed Dr. Ho's appeal of a contempt ruling because she had purged the contempt, rendering her appeal moot. Again, it is not unusual for us to dismiss appeals on mootness grounds. *See, e.g.*, *Andrew v. Dennis*, 2022-Ohio-2567 (1st Dist.) (dismissing appeal on mootness grounds based on subsequent action by trial court). And in Case No. C-220482, we dismissed the appeal largely based on the pendency of Case No. C-220319, which became the opinion in *Ho I*.

{¶14} Dr. Ho prevailed in part in *Ho I* (and part of the opinion was divided 2-1), she prevailed in full in *Ho II*; and the three appeals that were dismissed do not exhibit any abuse of the litigation system or frivolous conduct. Rather, their dismissals were based on technical appellate standards that even seasoned lawyers can (and do) trip over. That's not to justify the dismissed appeals; rather, it is to set them in context and illustrate the lack of evidence or argument advanced by Mr. Co. If these four cases demonstrate a pattern of vexatious conduct, how? Specifically, what did Dr. Ho do in these appeals that would satisfy the statutory standard? A mistake on finality of an order or mootness is not a red flag that normally jumps out at us as a harbinger of frivolous conduct. It's possible that some vexatious conduct is

6

lurking below the surface of these cases and is not readily apparent; all the more reason why the proponent needs to guide our inquiry.

**{¶15}** Reinforcing the point, in the cases where we have upheld vexatious litigator designations, the proponents of those findings have done exactly that. *See Stephens*, 2023-Ohio-1988, at ¶ 20-21 (1st Dist.) (finding six complaints barred by res judicata and the repeated identical re-filing of already dismissed claims qualified as vexatious conduct); *Uh Oh Ohio, LLC v. Buchanan*, 2024-Ohio-11, ¶ 16-18 (1st Dist.) (holding that "nuisance settlements," failure to prosecute claims, and claims clearly unwarranted under existing Ohio law constituted vexatious conduct); *State v. West*, 2022-Ohio-2060, ¶ 32 (2d Dist.) -(finding that filing several pro se motions and pleadings re-raising already denied claims, supported by 111 exhibits, provided sufficient evidence of vexatious conduct).

**{¶16}** Just because Dr. Ho lost some, but certainly not all, of her lawsuits does not render her a vexatious litigator. "Simply filing a losing case or appeal is not automatically 'frivolous.'" *Oppenheimer*, 2021-Ohio-2958, at ¶ 15, citing *State ex rel. Bunting v. Styer*, 2016-Ohio-5781, ¶ 7. More is needed to meet the clear and convincing evidentiary standard.

**{¶17}** The one piece of evidence that Mr. Co actually tendered was the transcript of a hearing where Dr. Ho stated: "as the court understand[s], the only way I can pay money is to keep filing lawsuit[s]. Hopefully I don't have to be liable." From Mr. Co's vantage point, that is tantamount to a confession by Dr. Ho that she is abusing the legal system for nefarious ends. Admittedly, just reading that language in isolation seems to support Mr. Co's point. But the balance of the transcript points in the other direction. The perhaps inartful response arose in the context of Dr. Ho answering the court's question about how she would pay her obligations. She explained her dire financial straits, her willingness to pay certain money

owed through garnishment, that she believed she had defensible legal positions, and why she needed a continuance. When the court pressed her about whether she was just filing litigation to forestall the financial day of reckoning, she resisted that conclusion. As we read the transcript, we don't see any admission that Dr. Ho knew that her actions served merely to harass or injure, that her positions lacked a good faith basis, or that she sought solely to impose delay, nor did the trial court make any such finding.

{¶18} As indicated above, the trial court did not make any specific findings of particular conduct being vexatious, so we largely had to review the extant record ourselves. Without any findings by the trial court, and without any meaningful evidence adduced by Mr. Co, we conclude that he failed to meet his burden of providing clear and convincing evidence of Dr. Ho's vexatious conduct. Therefore, we sustain Dr. Ho's first assignment of error.

\* \* \*

{¶19} For the reasons above, on the record before us, we disagree with the trial court that Mr. Co proved by clear and convincing evidence that Dr. Ho was a vexatious litigator. Accordingly, we sustain Dr. Ho's first assignment of error and reverse the trial court's determination of her as a vexatious litigator. Our disposition renders the second assignment of error moot.

Judgment reversed.

**ZAYAS, P.J.,** and **KINSLEY, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.