[Cite as *Helfrich v. Madison*, 2012-Ohio-551.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| JAMES HELFRICH | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 11 CA 26 |
| TIMOTHY G. MADISON, et al. | |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common
Pleas, Case No. 07 CV 394


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    February 13, 2012


APPEARANCES:

For Plaintiff-Appellant      For Defendants-Appellees

CHRISTOPHER M. CORRIGAN      KRISTIN E. ROSAN
19041 Lake Road      TIMOTHY G. MADISON
Rocky River, Ohio 44116      DARCY A. SHAFER
     MADISON & ROSAN
     39 East Whittier Street
     Columbus, Ohio 43206

*Wise, J.*

{¶1} Appellant, James Helfrich, appeals a judgment of the Licking County Common Pleas Court finding him to be a vexatious litigator. Appellees are Timothy Madison, Madison & Rosan L.L.P., Carol Strickland, David Garner and N.R.T. Columbus Inc. D.B.A. Coldwell Banker King Thompson Realty.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2} Appellant filed the instant action on March 16, 2007, for abuse of process, tortious interference with a business relationship and fraud.

{¶3} On April 13, 2007, Appellees filed a Counterclaim, alleging that Appellant was a vexatious litigator as defined by R.C. 2323.52(A)(2).

{¶4} Appellees moved for summary judgment on their counterclaim. The trial court granted summary judgment and declared Appellant to be a vexatious litigator.

{¶5} In a Judgment Entry filed November 25, 2008, the trial granted Appellee's motion for summary judgment. The trial court found that the instant case arose out of a dispute during a previous suit filed by Appellant. In its conclusions of law, the trial court stated that in February of 2004, Appellant filed suit in Licking County Municipal Court against Appellees Strickland, Garner and Coldwell Banker over the sale of property to Appellant. Appellant dismissed the municipal court case and brought suit for the same claims in Licking County Common Pleas Court (Case No. 05 CV 00120) in January of 2005, "inexplicably seeking $27,000.00 in damages." The trial court stated that Appellees were granted summary judgment when Appellant failed to present any evidence of damages. In that case, Appellant sought to amend to join the defendants'

counsel, Timothy Madison, as a defendant. The motion was denied, and Appellant brought the instant action (Case No. 07-CV-00394) including claims against Madison.

{¶6} The trial court noted that Appellees had cited numerous instances of vexatious conduct in the instant case and in Case No. 05 CV 00120, as well as numerous instances of "similarly frivolous and malicious behavior" in cases filed by Appellant against other defendants. The trial court held that the many instances of Appellant's behavior in this case and in 05CV00120 were more than sufficient to constitute vexatious behavior. The trial court stated:

{¶7} "While plaintiff is entitled to criticize the justice system, he is not entitled to abuse process, waste the Court's time, and use repeated frivolous filings to do so. Plaintiff mistakenly believes his First Amendment rights include using civil actions as a vehicle to express his disenchantment with the legal processes. The evidence submitted by defendant shows habitual and persistent conduct on the part of plaintiff that consists of impugning defendants, opposing counsel, judges, and the judicial system. Plaintiff even continues this conduct in his memorandum contra defendants' motion for summary judgment, maligning defendants Strickland and Madison and raising issues that this Court and the Supreme Court have already ruled upon. This conduct rises to the level of harassment and is a strain on the Court's time and patience."

{¶8} The trial court declared Appellant to be a vexatious litigator as defined in R.C. §2323.52(A). The trial court held that unless Appellant has leave of court, he is prohibited from instituting legal proceedings in the court of claims or in a court of

common pleas, municipal court, or county court, and from continuing any legal proceedings that he had instituted in any of these courts prior to the entry of the order.

{¶9} Appellant filed an appeal from this decision to this Court.

{¶10} Up to this point, Appellant had also filed at least six separate requests to disqualify Judge Marcelain. On December 18, 2008, the Supreme issued a Judgment Entry stating the statutory right to seek disqualification of a judge is an extraordinary remedy not to be used in a frivolous manner. The Supreme Court warned Appellant "that the filing of any further frivolous, unsubstantiated, or repeated affidavits of disqualification may result in the imposition of appropriate sanctions."

{¶11} By Opinion dated September 28, 2009, this Court found that the trial court relied on improper evidentiary material from Case No. 05 CV 00120 in granting summary judgment. The decision of the trial court was vacated and the matter was remanded back to the trial court for further proceedings. *Helfrich v. Madison*, Licking County Case No. 08-CA-150, 2009-Ohio-5140.

{¶12} Upon remand, on October 20, 2009, Appellees refiled their summary judgment motion on the vexatious litigator counterclaim.

{¶13} On October 28, 2009, Appellant filed a document entitled Plaintiffs Memorandum Contra to Judge Thomas Marcelain's Motion to Quash. Attached to the Memorandum Contra as Exhibit N is a copy of a Certified Check to Federal Court Judge Greg Frost dated October 8, 2003. The statement following the check indicates the check is offered to Judge Frost if he will swear on the Bible that he has never done anything unethical and has no reason to believe there is corruption or unethical practice within the judicial system.

{¶14} On December 15, 2009, Judge Marcelain petitioned the Supreme Court for the appointment of a visiting judge and Judge Richard Markus was assigned to the case.

{¶15} From November 18, 2010, through November 23, 2010, the trial court commenced, but did not conclude, a bench trial on Appellees' counterclaim. The trial was recessed until January 5, 2011. The parties completed presentation of evidence and oral arguments on the counterclaim on January 7, 2011.

{¶16} Between November 23, 2010 and January 5, 2011, Appellant filed a number of documents, including nine subpoenas. Appellant filed three "Notices" to the Court and one motion to have the judge pick up a video-taped deposition from the Clerk's Office. On December 7, 2010, Appellant sent facsimile correspondence to the presiding judge and Appellees' trial counsel containing what has been characterized as a threat to the judge concerning a voicemail recording left the previous day.

{¶17} The trial court filed its Judgment entry on March 4, 2011.

{¶18} Appellant now assigns eight errors on appeal:

## ASSIGNMENTS OF ERROR

{¶19} "I. THE TRIAL COURT ERRED IN DENYING THE MOTION TO COMPEL THE DEPOSITION OF KRISTIN ROSAN.

{¶20} "II. THE TRIAL COURT ERRED IN DENYING THE [SIC] JAMES HELFRICH A TRIAL BY JURY WHEN THE STATUTE IS A DECLARATORY JUDGMENT ACTION AND THERE ARE ISSUES OF FACT THAT A JURY MUST DETERMINE.

**{¶21}** "III. THE TRIAL COURT ERRED IN TAKING JUDICIAL NOTICE OF DOCUMENTS IN THE RECORD PURSUANT TO EVIDENTIARY RULE 201(E) WITHOUT INFORMING THE PARTIES OF WHAT INFORMATION WAS BEING REVIEWED AND FOR WHAT PURPOSE THE DOCUMENTS WERE TO BE CONSIDERED.

**{¶22}** "IV. THE TRIAL COURT ERRED IN TAKING JUDICIAL NOTICE OF DOCUMENTS IN THE RECORD PURSUANT TO EVIDENTIARY RULE 201(E) WHEN THERE WAS TESTIMONY THAT CERTAIN DOCUMENTS HAD BEEN IMPROPERLY PLACED IN THE RECORD BY A THIRD-PARTY.

**{¶23}** "V. THE TRIAL COURT ERRED BY DENYING HELFRICH THE RIGHT TO CALL WITNESSES WHO WOULD TESTIFY AS TO DISCUSSIONS HE HAD ABOUT APPROPRIAE [SIC] COURT DECORUM.

**{¶24}** "VI. THE TRIAL COURT ERRED IN QUASHING THE SUBPOENA OF JUDGE MARCELAIN WHEN EVIDENCE SHOWED THAT CERTAIN DOCUMENTS HAD BEEN PLACED IN THE RECORD BY HIM.

**{¶25}** "VII. THE COURT ERRED IN RELYING ON EXCERPTS OF CASES INSTEAD OF REVIEING [SIC] THE ENTIRE RECORD OF EACH CASE TO DETERMINE WHETHER APPELLANT HAD ENGAGED IN VEXATIOUS CONDUCT IN PREVIOUS SUITS.

**{¶26}** "VIII. THE COURT ERRED IN DECLARING THE [SIC] HELFRICH WAS A VEXATIOUS LITIGATOR WHEN THE EVIDENCE WAS INSUFFICIENT TO SUPPORT SUCH DETERMINATION."

**I.**

{¶27} In his first assignment of error, Appellant argues that the trial court erred in denying his motion to compel the deposition of Kristen Rosan. We disagree.

{¶28} Appellant herein deposed Attorney Kristen Rosan on May 28, 2010. During the deposition, Appellant questioned Attorney Rosan regarding her affidavit which was attached to Appellees' Reply in Support of their Motion for Summary Judgment. Attorney Rosen responded to a number of questions by stating that she did not have any personal knowledge outside of her capacity as a lawyer in the case. On June 21, 2010, Appellant filed a motion to compel.

{¶29} The trial court herein found that Attorney Rosen is not a fact witness in this case, that the summary judgment motion which the affidavit supported had been abandoned, that Attorney Rosen was not filing an affidavit in support of a renewed motion for summary judgment, and finally that there was no evidence that Attorney Rosen's client had waived the attorney-client privilege.

{¶30} Revised Code 2317.02(A) provides for testimonial privilege. It prevents an attorney from testifying concerning communications made to the attorney by a client or the attorney's advice to a client. A testimonial privilege applies not only to prohibit testimony at trial, but also to protect the sought-after communications during the discovery process.

{¶31} Upon review, we find the trial court did not err in denying Appellant's motion to compel.

{¶32} Appellant's first assignment of error is overruled.

**II.**

**{¶33}** In his second assignment of error, Appellant argues that he had the right to jury trial on the issue of whether he is a vexatious litigator pursuant to R.C. §2323.52. We disagree.

**{¶34}** Appellant's argument fails to take into account that the right to a jury trial is not absolute. Section 5, Article I applies only to those causes of action to which the right attached at common law when Section 5 was adopted. See *Arrington v. DaimlerChrysler Corp.,* 109 Ohio St.3d 539**,** 2006-Ohio-3257, 849 N.E.2d 1004; see also, *Belding v. State ex rel. Heifner* (1929), 121 Ohio St. 393, 169 N.E. 301, paragraph one of the syllabus.

**{¶35}** The vexatious litigator statute by its own terms clearly indicates that it provides a form of declaratory judgment, and that certain consequences flow from the trial court's declaration that a person is a vexatious litigator.

**{¶36}** A civil action under the statute constitutes a specific statutory and legal action with statutorily prescribed remedies which did not exist at common law.

**{¶37}** Appellant's second assignment of error is overruled.

**III., IV.**

**{¶38}** In his third and fourth assignments of error, Appellant argues that the trial court erred in taking judicial notice of certain documents in the record. We disagree.

**{¶39}** Evid.R. 201 governs the trial court's ability to take judicial notice of adjudicative facts, or the facts of the case. Further, the court has the power to take judicial notice of its own records and judicial notice of its own actions in earlier

proceedings of the same case. *Diversified Mortgage Investors, Inc. v. Athens Cty. Bd. of Revision* (1982), 7 Ohio App.3d 157, 159, 454 N.E.2d 1330.

{¶40} In the instant action, the trial court took judicial notice of the entire record of the matter herein, all of which was known to Appellant.

{¶41} This Court has stated in dicta that we agreed with the proposition that the trial court can take judicial notice of prior lawsuits filed in its own court. *Lansing v. Hybud Equipment Co.,* Stark App.No. 002CA00112, 2002-Ohio-5869, ¶ 16. A trial court can take judicial notice of the court's docket. *State v. Washington* (August 27, 1987, Cuyahoga App. Nos. 52676, 52677, 52678 at 15. However, a court does not have the authority to take judicial notice of the proceedings in another case, including its own judgment entries. Eg., *State v. LaFever,* Belmont App. No. 02 BE 71, 2003-Ohio-6545, ¶ 27; *State v. Blaine,* Highland App. No. 03CA9, 2004-Ohio-1241, ¶ 17; *Diversified Mortgage Investors, Inc. v. Athens Cty. Bd. of Revision* (1982), 7 Ohio App.3d 157, 454 N.E.2d 1330; *NorthPoint Properties, Inc. v. Petticord,* 179 Ohio App.3d 342, 2008-Ohio-5996, ¶ 16. The rationale for this holding is that if a trial court takes notice of a prior proceeding, the appellate court cannot review whether the trial court correctly interpreted the prior case because the record of the prior case is not before the appellate court. Eg. *Blaine,* supra, ¶ 17; *LaFever,* supra, ¶ 27; *Buoscio,* supra, ¶ 34.

{¶42} Appellant's third and fourth assignments of error are overruled.

## V., VI.

{¶43} In his fifth and sixth assignments of error, Appellant argues that the trial court erred in quashing the subpoena of Judge Marcelain and in denying him the right to

call witnesses to testify as to discussions he had concerning "appropriate court decorum". We disagree.

**{¶44}** In the instant case, Appellant subpoenaed Judge Marcelain, the judge who had presided over Appellant's case before Judge Markus was appointed. Appellant argues that the purpose for subpoenaing Judge Marcelain was to have him testify as to private conversations which took place between him and Appellant regarding "how the legal system works" and "issues of courtroom decorum". Appellant wanted to offer this testimony in support of his actions in these legal proceedings.

**{¶45}** A trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence. The admission of relevant evidence rests within the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 31, paragraph two of the syllabus. An appellate court that reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion. *State v. Finnerty* (1989), 45 Ohio St.3d 104, 107. As this Court has noted many times, the term 'abuse of discretion' connotes more than an error of law; it implies that the court acted unreasonably, arbitrarily or unconscionably. E.g., *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142."

**{¶46}** A reviewing court should be slow to interfere unless the court has clearly abused its discretion and a party has been materially prejudiced thereby. *State v. Maurer* (1984), 15 Ohio St.3d 239, 264, 473 N.E.2d 768, 791. The trial court must determine whether the probative value of the evidence and/or testimony is substantially

outweighed by the danger of unfair prejudice, or of confusing or misleading the jury. See *State v. Lyles* (1989), 42 Ohio St.3d 98, 537 N.E.2d 221.

**{¶47}** Upon review, we do not find that the trial court abused its discretion by quashing the subpoena for Judge Marcelain. We find that even if Judge Marcelain had personal knowledge as to Appellant's motivation for his comment or comments, which is very unlikely, such knowledge is irrelevant in that it is the effect of Appellant's conduct and/or actions which is required for a finding of vexatious litigation, not the motivation.

**{¶48}** Appellant's fifth and sixth assignments of error are overruled.

### VII., VIII.

**{¶49}** In his seventh and eighth assignments of error, Appellant argues that the trial court erred in determining that Appellant is a vexatious litigator. We disagree.

**{¶50}** Appellant argues that the trial court failed to review the entire record in making its determination.

**{¶51}** Vexatious litigator is defined in R.C. § 2323.52(A) as:

**{¶52}** "[A]ny person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions. "Vexatious litigator" does not include a person who is authorized to practice law in the courts of this state under the Ohio Supreme Court Rules for the Government of the Bar of Ohio unless that person is representing or has represented self pro se in the civil action or actions."

**{¶53}** Additionally, "vexatious conduct" is defined as the conduct of a party in a civil action that "obviously serves merely to harass or maliciously injure another party to the civil action," "is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law," or "is imposed solely for delay." R.C. § 2323.52(A)(2)(a) through (c).

**{¶54}** Said section further provides:

**{¶55}** "(D)(1) If the person alleged to be a vexatious litigator is found to be a vexatious litigator, subject to division (D)(2) of this section, the court of common pleas may enter an order prohibiting the vexatious litigator from doing one or more of the following without first obtaining the leave of that court to proceed:

**{¶56}** "(a) Instituting legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court;

**{¶57}** "(b) Continuing any legal proceedings that the vexatious litigator had instituted in any of the courts specified in division (D)(1)(a) of this section prior to the entry of the order;

**{¶58}** "(c) Making any application, other than an application for leave to proceed under division (F)(1) of this section, in any legal proceedings instituted by the vexatious litigator or another person in any of the courts specified in division (D)(1)(a) of this section.

**{¶59}** "(2) If the court of common pleas finds a person who is authorized to practice law in the courts of this state under the Ohio Supreme Court Rules for the Government of the Bar of Ohio to be a vexatious litigator and enters an order described in division (D)(1) of this section in connection with that finding, the order shall apply to

the person only insofar as the person would seek to institute proceedings described in division (D)(1)(a) of this section on a pro se basis, continue proceedings described in division (D)(1)(b) of this section on a pro se basis, or make an application described in division (D)(1)(c) of this section on a pro se basis. The order shall not apply to the person insofar as the person represents one or more other persons in the person's capacity as a licensed and registered attorney in a civil or criminal action or proceeding or other matter in a court of common pleas, municipal court, or county court or in the court of claims. Division (D)(2) of this section does not affect any remedy that is available to a court or an adversely affected party under section 2323.51 or another section of the Revised Code, under Civil Rule 11 or another provision of the Ohio Rules of Civil Procedure, or under the common law of this state as a result of frivolous conduct or other inappropriate conduct by an attorney who represents one or more clients in connection with a civil or criminal action or proceeding or other matter in a court of common pleas, municipal court, or county court or in the court of claims."

**{¶60}** Declaring a plaintiff to be a vexatious litigator is "an extreme measure" that should be granted only "when there is no nexus" between "the filings made by the plaintiff and [his or her] intended claims." *McClure v. Fischer Attached Homes,* 145 Ohio Misc.2d 38, 882 N.E.2d 61, 2007-Ohio-7259 at ¶ 33.

**{¶61}** In the case at bar, after hearing days of testimony on the vexatious litigator counterclaim, the trial court found by "clear and convincing evidence that Mr. Helfrich has 'habitually, persistently, and without reasonable grounds engaged in vexatious conduct' in multiple civil actions." See Judgment Entry, March 4, 2011, at page 19. In reaching this conclusion, the trial court thoroughly reviewed Appellant's

history of filing complaints, motions, and affidavits for disqualification in that Court, in addition to Appellant's conduct in connection with said cases. The trial court found that Appellant's "conduct 'obviously serves merely to harass or maliciously injury another party' and/or 'is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law; and/or the described conduct was "imposed solely for delay'." Id. at 18-19.

{¶62} Based on our review of the record and Appellant's numerous lawsuit and copious filings, we conclude that the trial court did not err in finding in favor of Appellees on their vexatious litigator counterclaim. Upon review of the record, we find overwhelming evidence that Appellant habitually files unnecessary, inappropriate, or supernumerary pleadings and motions. Further, the record shows that Appellant insists on raising and re-raising arguments which have been rejected by the trial court, and this Court, sometimes repeatedly.

{¶63} While this Court is sympathetic to a party who feels he has suffered an injustice, and takes all measures *within* the law to correct such, we find that Appellant's actions have long passed this stage. His conduct in the various matters before the Licking County Common Pleas Court are "vexatious," within the meaning of the statute, in that "[t]he conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." R.C. § 2323.52(A)(2)(b). His conduct is also "vexatious" insofar as some of it "is imposed solely for delay." As such, the trial court properly declared him a vexatious litigator.

{¶64} Appellant's seventh and eighth assignments of error are overruled.

{¶65} For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is affirmed.


By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.


_____

_____

_____

JUDGES

JWW/d 0124

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


JAMES HELFRICH                          :
                                        :
    Plaintiff-Appellant             :
                                        :
-vs-                                    :            JUDGMENT ENTRY
                                        :
TIMOTHY G. MADISON, et al.              :
                                        :
    Defendants-Appellees            :            Case No. 11 CA 26



For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

Costs assessed to Appellant.


                                _____


                                _____


                                _____

                                         JUDGES