[Cite as *Shadyside v. Givens*, 2024-Ohio-1299.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

VILLAGE OF SHADYSIDE, OHIO, et al.,

Plaintiffs-Appellees,

v.

GREG GIVENS, et al.,

Defendants-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 23 BE 0036

---

Civil Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 22 CV 356

**BEFORE:**
Carol Ann Robb, Mark A. Hanni, Judges and
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Erik A. Schramm, Atty. Kyle W. Bickford*, Hanlon, McCormick, Schramm, Bickford & Schramm Co., LPA, for Plaintiffs-Appellees Village of Shadyside, Ohio and Robert Newhart, and Thomas Ryncarz and *Atty. Bradley A. Powell*, *Atty. Richard J. Rinear*, Droder & Miller Co., LPA and *Atty. M. Winiesdorffer-Schirripa*, G. Thomas Smith, Smith Law PLLC for Plaintiff-Appellee John Longwell and

*Greg Givens*, pro se**.**

Dated:  April 3, 2024

_____

**Robb, P.J.**

{¶1}    Appellant, Greg Givens, appeals the July 20, 2023 judgment deeming him a vexatious litigator.  Appellant raises identical arguments on appeal and has filed a nearly identical brief as his mother, Carol Givens, in her companion appeal.  They both contend the court erred in its determination and violated their constitutional rights.

{¶2}    For the following reasons, we affirm.

<u>**Statement of the Facts and Case**</u>

{¶3}    In December of 2022, Appellees, the Village of Shadyside, Mayor Robert Newhart, and Solicitor Thomas Ryncarz, filed a complaint seeking to deem Greg Givens and Carol Givens (Greg's mother) vexatious litigators pursuant to R.C. 2323.52.  Appellees alleged the Givens separately filed countless, meritless, and frivolous claims against them in various courts of law.  The lawsuits stem from real estate tax foreclosure pleadings regarding real property in which Appellant once had an interest, but no longer own.  A summary of litigation involving Appellant and Appellees, in chronological order, is attached to Appellees' complaint.  (Complaint Exhibit E.)

{¶4}    Greg Givens filed an answer and a seven-count counterclaim in January of 2023.  Carol Givens filed a separate answer and seven-count counterclaim.  A visiting judge was appointed to preside over the case.

{¶5}    The Givens sought to move the case to the United States District Court for the Northern District of West Virginia, which found it lacked jurisdiction.  It remanded the case to the court of common pleas.  (January 20, 2023 Order.)

{¶6}    At a March 29, 2023 status conference, the trial court granted Appellees' motion to bifurcate.  The court found the Givens were not entitled to a jury regarding the vexatious litigator claims.  It concluded the complaint seeking vexatious litigator determinations would be heard first and separate from the Givens' counterclaims.  It stayed the counterclaims.  (March 29, 2023 Judgment.)

{¶7}    On May 16, 2023, the trial court overruled a motion filed by Greg seeking permission to file a pleading.  The court found that Greg had already been deemed a

vexatious litigator in a simultaneous proceeding, which involved identical claims. Accordingly, the court noted it would not permit the re-litigation of Greg's vexatious litigator status, and as such, denied him the opportunity to file a motion or pleading. (May 16, 2023 Judgment.)

{¶8} In May of 2023, Appellees moved for summary judgment contending Greg and Carol are vexatious litigators. For cause, the Village claimed, in part, that Greg had already been deemed a vexatious litigator in another action on April 20, 2023. Appellees also claimed that Carol and Greg should each be deemed vexatious litigators since they separately have pursued several duplicative and baseless claims in various courts of law.

{¶9} Appellees offered the affidavit of Attorney Jonathon Powell in support of their summary judgment motion. Powell prepared a chart outlining Appellant's prior claims and lawsuits. Seventeen cases involved Carol and approximately 56 involved Greg. It lists the Givens' claims, lawsuits, petitions, and appeals involving Appellees, certain judges presiding over prior cases, the subsequent owner of their real property, and various public officials and departments. (Powell Affidavit, Exhibit A.)

{¶10} As stated, Greg was declared a vexatious litigator on April 20, 2023, in a different case, Belmont County Court of Common Pleas case number 22 CV 336. That court prohibited Greg from instituting or continuing legal proceedings. It also prohibited him from making any application, other than an application for leave to proceed, in other Ohio state courts. That court also ordered a certified copy of the judgment to be transmitted to the Ohio Supreme Court. (Belmont County Court of Common Pleas Case No. 22 CV 336, April 20, 2023 Vexatious Litigator Judgment.)

{¶11} Thereafter and in this case, Greg filed a "Motion for Permission to File * * * pursuant to applicable Law * * * [a] Motion to Extend Time to June 3, 2023, for Dispositive Motion; Discovery." (May 9, 2023 Motion.) The trial court overruled Greg's motion because he had recently been declared a vexatious litigator in case number 22 CV 336. This trial court quoted the other judgment as stating that Greg was precluded from "continuing any litigation proceedings that he has instituted * * * in the Court of Common Pleas * * *." (Emphasis sic.) (May 16, 2023 Judgment.)

{¶12} Carol filed an opposition to Appellees' summary judgment motion. It consists of two paragraphs and asserts, in conclusory fashion, that a vexatious litigator

determination violates her federal and state constitutional rights and constitutes a "gross misrepresentation" of the Ohio statute. She did not offer legal citations or evidence in support of her arguments in an effort to demonstrate her prior claims did not constitute vexatious conduct. (May 30, 2023 Opposition.)

{¶13} The trial court granted Appellees' motions to declare Greg and Carol vexatious litigators via one judgment. It explained that Greg had already been deemed a vexatious litigator, but it nonetheless "reaffirmed" the prior court's decision in this regard. The trial court concluded the uncontroverted evidence showed, via an objective standard, that Greg and Carol had "habitually, persistently, and without reasonable grounds, instituted, or were involved in up to seventy (70) separate civil, domestic, and criminal actions in the Common Pleas Court, County Courts, Courts of Appeal, as well as various Federal Courts * * * and that, the nature of their conduct herein, as well as prior conduct in multiple cases * * * clearly establish each of them * * * to be a Vexatious Litigator." (July 20, 2023 Judgment.) The court also concluded that more than 50 of the civil actions involved conduct by the Appellants, which was designed merely to harass or maliciously injure the other party in the respective cases. (July 20, 2023 Judgment.)

{¶14} The court also found no genuine issue of fact existed. It rejected Carol's conclusory claims asserting constitutional violations. The court found summary judgment was warranted in Appellees' favor and that Greg and Carol were vexatious litigators. Thus, it found Appellees were entitled to judgment as a matter of law and there was no just reason for delay. (July 20, 2023 Judgment.)

{¶15} Greg and Carol separately sought leave to appeal, which this court granted. Appellant separately appealed. He and Carol raise six identical assignments of error.

Assignments of Error: Vexatious Litigator Determination

{¶16} Appellate courts review decisions awarding summary judgment de novo. *Northeast Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 191, 699 N.E.2d 534 (8th Dist.1997). We review the trial court's decision independently and without deference, pursuant to the standards in Civ.R. 56(C). *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993).

{¶17} Summary judgment is appropriate when (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as

a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion adverse to the nonmoving party. *Holliman v. Allstate Ins. Co.*, 86 Ohio St.3d 414, 415, 715 N.E.2d 532 (1999). The initial burden is on the moving party to set forth specific facts demonstrating that no issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 29-293, 662 N.E.2d 264 (1996). If the movant meets this burden, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists for trial. *Id.*

{¶18} Once the moving party meets its burden, the opposing party may not rely on the allegations in her pleadings, but must set forth facts showing there is a genuine issue and produce evidence on issues that the party has the burden of proving at trial. Civ.R.56(E); *Wing v. Anchor Media, Ltd. of Texas*, 59 Ohio St.3d 108, 570 N.E.2d 1095 (1991), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986). In determining a motion for summary judgment, the trial court will construe the evidence most strongly in favor of the nonmoving party and grant summary judgment where that party fails to make a showing sufficient to establish the existence of an essential element upon which that party bears the burden of production. *Celotex,* at 322, 106 S.Ct. 2548.

{¶19} R.C. 2323.52 governs vexatious litigator determinations. It states in part:

[(A)](2) "Vexatious conduct" means conduct of a party in a civil action that satisfies any of the following:

(a) The conduct obviously serves merely to harass or maliciously injure another party to the civil action.

(b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

(c) The conduct is imposed solely for delay.

(3) "Vexatious litigator" means any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the

vexatious conduct was against the same party or against different parties in the civil action or actions. * * *

* * *

(D)(1) If the person alleged to be a vexatious litigator is found to be a vexatious litigator, subject to division (D)(2) of this section, the court of common pleas may enter an order prohibiting the vexatious litigator from doing one or more of the following without first obtaining the leave of that court to proceed:

(a) Instituting legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court;

(b) Continuing any legal proceedings that the vexatious litigator had instituted in any of the courts specified in division (D)(1)(a) of this section prior to the entry of the order;

(c) Making any application, other than an application for leave to proceed under division (F)(1) of this section, in any legal proceedings instituted by the vexatious litigator or another person in any of the courts specified in division (D)(1)(a) of this section.

* * *

(I) Whenever it appears by suggestion of the parties or otherwise that a person found to be a vexatious litigator under this section has instituted, continued, or made an application in legal proceedings without obtaining leave to proceed from the appropriate court of common pleas or court of appeals to do so under division (F) of this section, the court in which the legal proceedings are pending shall dismiss the proceedings or application of the vexatious litigator.

R.C. 2323.52.

{¶20} Appellant's first assigned error asserts:

"The trial court erred in granting appellee's motion for summary judgment."

{¶21} His first argument seems to contend that summary judgment was not warranted because some of the prior lawsuits or court cases referred to by Appellees did not involve any of the named Appellees. Appellant also seems to claim the cases cited

by Appellees were too old to be relevant and some were cases where Appellant was named as a defendant, and thus, should not support a vexatious litigator determination.

**{¶22}** Appellant did not raise these arguments to the trial court, and as such, we do not address them for the first time on appeal. *Hanick v. Ferrara*, 2020-Ohio-5019, 161 N.E.3d 1, ¶ 115 (7th Dist.) ("The appellate court need not rule on a new legal argument which was waived by failing to raise it with the trial court when responding to a summary judgment motion.").

**{¶23}** Appellate review of motions for summary judgment are de novo. However, parties are not afforded a second opportunity to raise arguments that should have been argued to the trial court. *Budz v. Somerfield*, 2nd Dist. Montgomery No. 29550, 2023-Ohio-155, ¶ 30; *accord Tchankpa v. Ascena Retail Group, Inc.*, 10th Dist. Franklin No. 19AP-760, 2020-Ohio-3291, ¶ 20.

**{¶24}** Moreover, Appellant does not offer legal citations or citations to the record in support of these arguments. Notwithstanding, the plain language of the vexatious litigator statute states otherwise.

**{¶25}** R.C. 2323.52(A)(3) defines a vexatious litigator and states in part that vexatious conduct can occur in litigation not instituted by the alleged vexatious litigator. Thus, the conduct may arise in a counterclaim, cross-claim, or otherwise. *Id.*

**{¶26}** Further, R.C. 2323.52(A)(3) states the alleged vexatious conduct does not need to involve or be against the same party. Thus, a court can consider allegedly vexatious conduct against individuals who are not a party to the vexatious litigator determination proceedings. *Id.; Buoscio v. Macejko*, 7th Dist. Mahoning No. 00-CA-00138, 2003-Ohio-689, ¶ 33; *Prime Equip. Group, Inc. v. Schmidt*, 2016-Ohio-3472, 66 N.E.3d 305, ¶ 19-20 (10th Dist.).

**{¶27}** Finally, there is no time limit or statute of limitations on the lookback period on what conduct a court may consider when deciding a vexatious litigator complaint. Instead, the statute provides a one-year statute of limitations, requiring the complaint to be filed one year from the termination of an action involving the plaintiff. R.C. 2323.52(B). It does not, however, preclude a court from considering conduct beyond that one year when determining whether the defendant is a vexatious litigator. *Id.*; *Prime Equip. Group, Inc. v. Schmidt, supra,* at ¶ 20.

{¶28} Accordingly, Appellant's first assignment of error lacks merit and is overruled.

{¶29} Appellant's second assigned error asserts:

"Trial Court's [sic] erred in conclusions of law that are not based in fact, oral hearing or prima facie evidence in concluding a vexatious litigation action, and that a test must be satisfied on constitutionality and impact before a trial court may declare someone a vexatious litigator."

{¶30} Appellant's second assigned error seems to argue the trial court employed the wrong legal standard when making its vexatious litigator determinations. Appellant quotes two cases without argument or analysis. *See Madeira v. Oppenheimer*, 1st Dist. Hamilton No. C-200458, 2021-Ohio-2958, ¶ 9, and *Lasson v. Coleman*, 2nd Dist. Montgomery No. 21983, 2008-Ohio-4140, ¶ 33. Based on his quotations without corresponding analysis, we infer he contends the trial court should have employed the clear and convincing evidence standard when determining whether he was a vexatious litigator.

{¶31} The clear and convincing evidence standard requires the evidence "produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *In re Adoption of Holcomb,* 18 Ohio St.3d 361, 368, 481 N.E.2d 613 (1985). It is a higher standard than preponderance of the evidence. *Cross v. Ledfo*rd, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶32} A review of the trial court's July 20, 2023 judgment deeming the Givens vexatious litigators does not set forth the trial court's standard. Moreover, it does not appear this court or the Ohio Supreme Court has explicitly addressed whether a court is required to employ the clear and convincing evidence standard when considering the merits of a vexatious litigator complaint.

{¶33} Notwithstanding, the court states in part that the uncontroverted evidence "clearly establish[es] that the evidence herein constitute[s] vexatious conduct, as a matter of law, by the application of the required objective standard * * *." (July 20, 2023 Judgment.) Elsewhere in its judgment, the court stated: "Plaintiff's evidence clearly establishes * * * that Greg Givens' Answer and Counterclaims mirror exactly the same

unsupported, conclusory assertions as those contained in Carol's * * *." (July 20, 2023 Judgment.)

**{¶34}** Accordingly, Appellant's argument lacks merit.

**{¶35}** His third assignment of error asserts:

"Trial Court's [sic] erred in its interpretation of R.C. 2323.52(A) that discriminates against the name 'Givens' and others on the basis of political affiliation, and in Appellant[s'] claims by requiring them first to seek leave to proceed prior to litigation in the form of a suit, and that R.C. 2323.52, as applied by the underlying court, violates the Equal Protection Clauses of both the United States and Ohio Constitutions."

**{¶36}** Appellant first asserts the vexatious litigator statute denies him equal protection of the law by denying him access to the courts. Second, he claims the statute deprives him the right to a jury trial.

**{¶37}** As for Appellant's contention the statute denies him equal protection of law, he did not raise this argument to the trial court, and as such, we do not consider it for the first time on appeal. *Hanick v. Ferrara*, 2020-Ohio-5019, 161 N.E.3d 1, ¶ 115 (7th Dist.) ("The appellate court need not rule on a new legal argument which was waived by failing to raise it with the trial court when responding to a summary judgment motion.").

**{¶38}** Notwithstanding, the Ohio Supreme Court has held, "R.C. 2323.52, the vexatious litigator statute, is constitutional in its entirety." *Mayer v. Bristow*, 91 Ohio St.3d 3, 4, 740 N.E.2d 656 (2000), paragraph one of the syllabus; *Gains v. Harman*, 7th Dist. Mahoning No. 03-MA-219, 2004-Ohio-6503, ¶ 8. *See also Easterling v. Union Sav. Bank*, 2nd Dist. Greene No. 2012-CA-52, 2013-Ohio-1068, ¶ 9.

**{¶39}** As for Appellant's contention that R.C. 2323.52 denies the right to a jury trial, we disagree.

**{¶40}** "The right to a jury trial is not * * * absolute. The Constitution does not entitle all civil litigants to a trial by jury. Instead, it preserves the right only for those civil cases in which the right existed before the adoption of the constitutional provision providing the right." *Arrington v. DaimlerChrysler Corp.*, 109 Ohio St.3d 539, 2006-Ohio-3257, 849 N.E.2d 1004, ¶ 22.

**{¶41}** The vexatious litigator statute prescribes a civil action created by statute that did not exist at common law. *Helfrich v. Madison*, 5th Dist. Licking No. 11 CA 26, 2012-Ohio-551, ¶ 34-36. Consequently, the right to a jury trial does not attach. *Id.*

**{¶42}** Appellant's third assigned error lacks merit in its entirety and is overruled.

**{¶43}** Appellant's fourth assignment of error asserts:

"Trial Court's [sic] abused its discretion and erred in its conclusion that appellate cases are enumerated as a 'new case' for multiplication purposes and standard under R.C. 2323.52."

**{¶44}** Appellant claims the trial court erred by considering certain appeals he pursued as part of his vexatious litigator conduct. However, Appellant did not raise this issue to the trial court, and thus, it is waived. *Hanick v. Ferrara*, 2020-Ohio-5019, 161 N.E.3d 1, ¶ 115 (7th Dist.); *Union Loc. Sch. Dist. v. Grae-Con Constr. Inc.*, 2019-Ohio-4877, 137 N.E.3d 122, ¶ 30-32 (7th Dist.).

**{¶45}** Notwithstanding, a vexatious litigator determination does not depend on the number of claims being raised or asserted. "It is the nature of the conduct, not the number of actions, that determines whether a person is a vexatious litigator." *Borger v. McErlane*, 1st Dist. Hamilton No. C-010262, 2001 WL 1591338 *3 (Dec. 14, 2001).

**{¶46}** A court is to consider whether the individual has "habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions * * *." R.C. 2323.52(A)(3). The court must consider whether the person has repeatedly asserted claims, arguments, or defenses that are designed "merely to harass" or "maliciously injure" another party to the case; the conduct was designed solely to delay; or the claim or conduct is not warranted under existing law and cannot support a good faith argument for a change in the law. R.C. 2323.52(A)(2)(b)-(c).

**{¶47}** Thus, this argument lacks merit and is overruled.

**{¶48}** Appellant's fifth assignment of error asserts:

"Trial Court erred in the joinder and conclusions on Plaintiff[sic] Complaint with Belmont County Case no. 22-CV-0336, and without proper notice, or motion hearing, finding of fact, opportunity or discovery for prior objections, and on the conclusion that the cases are factually, exact, and materially the same."

{¶49} It is unclear what Appellant argues under this assignment. His argument consists of the above-quoted assignment of error and one, one-page block quote with no analysis and no cites to the record.

{¶50} It is an appellant's burden to affirmatively demonstrate error on appeal. *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (9th Dist.1996). It is not the appellate court's function to fashion an argument, provide supporting law, and search the record for evidence. *Matter of E.T.*, 2023-Ohio-444, 208 N.E.3d 910, ¶ 57 (7th Dist.). Thus, we decline to address this assignment.

{¶51} Notwithstanding, it appears Appellant may be arguing the trial court erred by relying on the other common pleas court's prior determination finding Greg was a vexatious litigator because he had not yet appealed that judgment. We find no error.

{¶52} The plain language of the vexatious litigator statute dictates that once a court declares a person a vexatious litigator, he must first "obtain the leave of that court to proceed" before he may make "any application, other than an application for leave to proceed * * * in any legal proceedings instituted by * * * another person * * *." R.C. 2323.52(D)(1)(c).

{¶53} Once the vexatious litigator determination is made, the statute requires the vexatious litigator to secure leave to proceed. The leave requirement is not contingent on a direct appeal from that determination. *Id.* *See State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 26 (holding the leave requirement "does not differentiate between an appeal instituted from an initial declaration of vexatious-litigator status and an appeal commenced from other judgments made after the declaration."). In fact, an individual cannot pursue a direct appeal from a vexatious litigator determination without obtaining leave from the court of appeals. *Id.*

{¶54} Thus, the trial court did not err by relying on the earlier court's vexatious litigator determination regarding Greg.

{¶55} Moreover, although the trial court concluded the issue of Greg's status as a vexatious litigator was already decided, it nonetheless addressed the issue on its merits. The trial court found in part that Greg and Carol "habitually, persistently, and without reasonable grounds, instituted, or were involved in up to seventy (70) separate * * * actions * * * and that, the nature of their conduct herein, as well as prior conduct in multiple

cases * * * clearly establish each of them to be a Vexatious Litigator." (July 20, 2023 Judgment.)

**{¶56}** Accordingly, this assigned error lacks merit.

**{¶57}** Appellant's sixth and final assigned error contends:

"Trial Court erred by the denial of a jury trial."

**{¶58}** Appellant quotes several cases for varying standards of review. Appellant then states without analysis or citation to the record, "[t]he trial court erred by the denial of a jury trial and due process of law." To the extent he claims he was denied the right to a jury trial, we addressed this argument under his third assignment of error and found it lacks merit.

**{¶59}** Other than a jury, Appellant does not identify what process or procedure he was allegedly denied. As stated, it is an appellant's burden to demonstrate error on appeal. *Kremer v. Cox*, *supra*. It is not our function to root out law and argument in support of an otherwise unsupported conclusory assignment of error. *Matter of E.T.*, *supra*. This assigned error is overruled.

<u>Conclusion</u>

**{¶60}** For the foregoing reasons, we overrule Appellant's assignments of error. The trial court's judgment is affirmed.

Hanni, J., concurs.

Klatt, J., concurs.

<u>Case No. 23 BE 0036</u>

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**